# Erdman et al. *versus* Barrett.

# In re contested election for Prothonotary of Bucks County.

1. Where in an election there is a tie vote returned eitner party may contest the election.

2. In such an event the proceedings must be against, and the notice given to the other party and not to the incumbent holding over, who although indirectly interested is in no way a party to the contest.

March 5th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, WOODWARD, TRUNKEY and STERRETT, JJ. PAXSON, J., absent.

Certiorari to the Court of Quarter Sessions of *Bucks county:* Of January Term 1879, No. 165.

This writ was taken to bring up for review the record and proceedings in the matter of the petition of H. M. Erdman and others to contest the election for prothonotary of the Court of Common Pleas of Bucks county.

On November 7th 1878, a general certificate of the result of the

[Erdman v. Barrett.]

election held November 5th 1878, was filed in the office of the Prothonotary of the Court of Common Pleas, certifying that Thomas T. Ochs received 7610 votes, that Thomas S. Folwell received 7610 votes, and that William Martin received 161 votes for the office of prothonotary.

On December 5th 1878 Erdman and others, by leave of the court, filed a petition contesting the election of prothonotary. The petition represented, inter alia, that no one was returned elected for the office of prothonotary, because it appeared from the returns of said election that there was a tie vote between the two highest candidates; that the election for said office was undue and illegal and the returns thereof incorrect, and the petitioners claimed that Thomas T. Ochs was duly elected, and prayed for a rule to answer upon James Barrett, the incumbent, who, by virtue of the return of a tie vote between the two highest candidates, claimed the right to hold the office until the next election.

A rule was granted, and the court ordered notice of the filing of petition, with copy thereof, together with rule, to be served upon the opposite party thirty days before the day fixed for hearing.

The answer of James Barrett claimed, inter alia, the right to hold said office until the next election, for the reason that there was no election of his successor.

After argument the court, upon their own motion, dismissed the proceedings because notice of the filing of the petition was not given to Thomas S. Folwell, and because the counsel for petitioners declined to ask for a rule upon the said Folwell to answer the petition.

In an opinion the court, Watson, P. J., inter alia, said:

" On the eighth of January 1879, for reasons then verbally stated, the court directed this proceeding to be dismissed, a formal decree to be drawn and entered thereafter, and also, if thought proper, a written opinion to be filed upon the subject. This opinion and the decree appended will therefore be filed as of that day.

" I have no doubt of the right of a candidate returned as having received an equal number of votes with another candidate voted for at the same time, or of others acting in his interest, to contest the election in the same manner and to the same extent as when the opposing candidate is returned as having received a plurality of votes and the contestant is apparently in the minority. Where there is a tie vote returned, either party ought to have the right to contest the election. This contingency is not expressly provided for by the Act of Assembly on the subject, but the case is clearly within the spirit of the act, and I have no doubt of the right of either party to proceed under it. If this were not so, then it might happen that the two highest candidates returned as having received an equal number of votes would both be in a worse position than if one of them was apparently in the minority, for both

alike would be without remedy for the purpose of showing irregularities in the election, and that the one or the other of them received a plurality of the ballots and was entitled to the office. The act is broad enough to meet the case.

" The contest is to be begun and carried on in the same manner and is to be followed by the same judgment as when one candidate is apparently in the majority and the other in the minority. The object is to determine who has received the highest number of votes legally cast. The court is to investigate the election, to correct alleged errors when they are shown to exist, and to determine the true result.

" Upon the presentation of the petition, a day is to be fixed for hearing, notice is to be given to the person whose right of office is contested, and a rule served upon him to appear and answer the complaint. By the Act of 1839, notice was to be given to the ' person returned.' The Act of 1874 directs it shall be given to the 'person whose right of office shall be contested.' I regard these provisions as the same. The distinction between them is verbal merely. The evident design is to provide for notice to the opposing candidate who may claim the office by virtue of the election in question. The proceeding is by no means ex parte ; the hearing is to be after full notice ; the declared will of the voters in the choice of the officer is to be ascertained if possible and their verdict at the polls is to be respected and enforced.

" We are to inquire into and determine the right of office by virtue of the election to be investigated, and not by virtue of a previous election under which the present prothonotary holds. The contest is between the candidates voted for ; they only can claim the right of office under the election to be investigated. To my mind, it follows clearly and necessarily that the notice in this case should have been given to Mr. Folwell, the opposing candidate, and not to Mr. Barrett, the present prothonotary. Mr. Barrett, it is true, may be indirectly interested, as he will hold the office until his successor shall be duly qualified, but he has no direct interest whatever in the contest, and is in no wise a party to it. Whether it result in favor of the one or the other of the candidates is a matter of no more consequence to him than to any other citizen of the county.

" If either of them should be declared elected and become duly qualified, he must resign his place to his chosen successor. The burden of maintaining a contest that is in no sense his cannot be thrown upon him, nor can he be set up as a respondent to avoid the necessity of notice to the real party in interest. The notice in this case being given to Mr Barrett only, is therefore defective. The rule upon him was improvidently granted ; the attention of the court was not called to the fact that he was named in the petition as respondent and the rule asked for upon him. It was granted

[Erdman v. Barrett.]

upon and notice directed to be given to the 'opposite party,' who was assumed to be Mr. Folwell, without examining the concluding part of the petition to see who was named. If our attention had been called to the subject the error would have been corrected at the time.

" But the remedy invoked ought not to be defeated by the mistake that has been made. Full opportunity should be afforded for the investigation of the election and the correction of alleged errors therein, in order that the true result may be ascertained and the candidate who has received the votes of a plurality of his fellow citizens may be declared elected and enjoy the office to which their choice has entitled him. This may yet be done.

" If the counsel for the petitioners desire it, we will continue the proceeding, fix another day for the hearing, and grant a rule now upon Mr. Folwell to appear and answer upon that day.

" The counsel, after consultation, say they decline to ask that this be done. The court will not of their own motion direct it. The proceedings are therefore dismissed in accordance with the following decree :

" And now, to wit, January 8th 1879, this case came on to be heard upon the petition and answer ; and the court being of the opinion that the rule upon James Barrett, the present prothonotary, as respondent, was improvidently granted, and that the notice to him is defective as not in compliance with the Act of Assembly in such case made and provided ; and the counsel for the petitioners declining to ask that the proceedings be continued to another day to be fixed for the hearing thereof, and a rule be now granted upon Thomas S. Folwell, who was returned as a candidate voted for at the election and receiving an equal number of votes with Thomas T. Ochs, whose election is claimed by the petitioners, to appear on the day to be so fixed and answer the complaint of the petitioners, it is, therefore, after due consideration, adjudged and decreed by the court that the said complaint be dismissed.

" And the court being of opinion that the facts set forth in the petition constitute probable cause for the complaint therein, does therefore direct that the costs of the proceedings be paid by the county."

The dismissal of the petition was assigned for error by the petitioners who took this appeal.

*Robert L. Cope*, *N. C. James* and *J. D. James*, for appellants.— As soon as a petition to contest an election is filed, the jurisdiction of the court attaches, and the investigation must go on if such facts are set forth as would, if proved, change the result. Neither the petitioners nor the person claimed by them to have been elected can withdraw the petition. The public are interested in knowing the result: Kneass's Case, 2 Pars. 553 ; Mann's Case, 1 Brewster 41.

[Erdman *v.* Barrett.]

Notice of the filing of the petition is not a pre-requisite to the filing of the petition and the jurisdiction of the court but to the hearing, and the court may extend the time of hearing where no notice to the proper parties has been given and direct notice to be given: Sailer *v.* Keating, 32 Leg. Int. 134, Mitchell, J. The petitioners should have had notice, a reasonable time, of the objection for want of proper parties. They should have not been required upon the day the objection was raised to ask leave to amend so as to bring in the necessary parties. They had a right to be heard after a reasonable notice, which by the rules of this court is fourteen days (Rules of Equity Practice, No. 27), upon the question of want of proper parties. The petitioners had a right to object to Mr. Folwell being made respondent after he had lost his right to contest the election, and not being returned elected. If they should have asked to have him made a party, they could not afterwards object to his right to file an answer and contest the election to the same extent as if he had filed a petition in time.

The returns on their face gave Mr. Barrett the right to hold over and he was the only person interested in the contest of the returns. He is the one whose right of office is contested: Mark et al. *v.* Park, 7 Leg. Gaz. 55.

*George Ross, L. L. James* and *Harman Yerkes*, for appellee.—— Barrett had no right to be made a party to this proceeding. Not having been a candidate no interest of his could possibly be involved. We adopt the opinion of the court below as our argument.

The judgment of the Supreme Court was entered, March 24th 1879,

PER CURIAM.——We affirm the proceedings in this case upon the opinion of the learned president of the court below.

Proceedings affirmed.