[In re Contested Election of John O'Neil.]

# In re Contested Election of John O'Neil.

98　　·461
35 SC　260

1. In the case of a contested election of a member of the house of representatives from a legislative district which comprises only certain wards of a city, the court may, by virtue of the provisions of the act of May 19th 1874, § 9, Pamph. L. 210. if it shall deem that the contest has not been without reasonable cause, impose the costs upon the county wherein said legislative district is situate.

2. It was not the intention of the legislature that the costs should in such case be imposed upon the particular wards constituting the legislative district for which the member has been elected.

3. *Semble*, in case of contested election of a judge or senator whose judicial or senatorial district comprises more than one county, that by virtue of the provision of the said section of the Act of 1874, and also by virtue of the provisions of the Act of May 8th 1876, § 1, Pamph. L. 148, the power to impose costs is coextensive with the district.

October 4th 1881.　　Before MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. SHARSWOOD, C. J., absent.

Certiorari to the Court of Common Pleas No. 2, of *Allegheny county:* Of October and November Term 1881, No. 185.

This was an appeal and certiorari of the county of Allegheny from the decree of said court imposing upon the county the costs of the contested election of John O'Neil, as a member of the house of representatives for the third legislative district of said county, comprising the fifth, ninth, tenth and twelfth wards of the city of Pittsburgh.

After hearing, upon petition, answer and proofs, the court adjudged that the said John O'Neil was duly elected; the court also found that the complaint was not without probable cause, and ordered " that the county of Allegheny pay the costs of these proceedings, including a fee of $500 to the commissioner, and a fee of $400 to the stenographer who reported the testimony." The total costs exceeded $1,500.

The county solicitor thereupon presented a petition praying the court to reconsider and revoke that portion of the decree imposing the costs upon the county, for the following reasons :

1. The contest, in this case, was not a contested election for a county officer. 2. The costs should have been imposed upon the legislative district in which the election was held. 3. A member of the house of representatives is not a county officer, and when his election is contested, and the court shall not decide that the complaint is without probable cause, the costs should be imposed

[In re Contested Election of John O'Neil.]

on the legislatative district, not upon the county, unless the district is co-extensive with the county. 4. The court should have imposed all the costs among the wards and municipalities of the whole district in which the contest was held, in the manner indicated in section 1 of Act of May 8th 1876.

A rule was granted, which the court, after argument, discharged, whereupon the county of Allegheny took this appeal, assigning for error the decree imposing the costs of the proceeding upon the county, and the order discharging the motion to reconsider and revoke said decree.

*S. H. Geyer*, county solicitor, for the plaintiff in error.— The court found that the contest was not without probable cause. In such case, under the 9th section of the Act of 1 .74, Pamph. L. 210, the "proper district" shall be liable to pay all costs. By the apportionment Act of May 19th 1874, the county of Allegheny is entitled to fourteen members, and is divided into six districts. On the same date (19th of May 1874) the Act which provides for the payment of costs in contested elections, was passed. Reading these Acts together the "proper district" mentioned in the ninth section of the act relating to contested elections of members of the house of representatives, means the same as in the apportionment act, viz: the *legislative district in which the contest arose*, and the court should therefore, under the ninth section of the Act of 1874, have imposed the costs of the contest in this case on the third legislative district, composed of the fifth, ninth, tenth and twelfth wards of the city of Pittsburgh, and not upon the county of Allegheny.

Be this as it may, we contend, that the court erred in disregarding the commands of the act of May 8th 1876, Pamph. L. 148, which provides: "that if any court or judge shall have heretofore decided, or shall hereafter decide, that the complaint was not or is not without probable cause, the said court or judge is hereby authorized and shall apportion all the costs among the proper districts, counties, cities, townships, boroughs, wards, school districts or municipalities of the whole district in which the contest is had, in such way as said court of judge shall think just, and to compel, by order, the payment of such amounts so apportioned to each by the properly constituted authorities of each of the proper d stricts, counties, cities, townships, boroughs, wards, school districts or municipalities, as the payment of debts by the same can now be enforced."

The district in which the contest was had, was the third legislative district of Allegheny county, and the costs should have been apportioned among the wards and school districts of that legislative district, in the manner directed by the Act of 1876;

but assuming, as the court below seemed to, that the county of Allegheny was the whole district in which the contest was had, then it was the duty of the court to apportion the costs among the municipalities of the county of Allegheny, as to it would seem just; but in no aspect of the case had the court the right to impose them on the county. That portion of the Act of 1876 apportioning the cost is inconsistent with and repugnant to that portion of the ninth section of the Act of 1874, imposing the costs on the proper districts, &c., without any apportionment, and as far as that regugnancy extends, it is a repeal by implication of the older statute: In re Election of Barber, 5 Norris 392.

The practice of charging the costs of contested elections (which are generally extravagant) on the tax-payers of the county tends to encourage contests from selfish motives, and if by a strict construction of the act it be restrained charging them on the tax-payers of the immediate "district in which the contest is had," the evil will be lessened.

*F. M. Magee* (with him *West McMurray*), for the defendant in error.—The "districts" intended by the Act of 1876 (other than school districts) are always more than a county. The territorial classification recited in the act proceeds from the greater to the less, viz.: district, county, city, township, ward, &c.

The act authorizes the court to direct an apportionment of costs among the proper districts, counties, municipalities, &c., of the *whole district in which the contest is had*, but this does not contemplate a district less than a county, in contests for representatives, for by section 12, the contest shall be commenced by petition of "twenty qualified electors of the *county*." Members of the legislature from any district within the county go from the *county* as the real legislative district. Art. II, sec. 17 of the constitution directs that " every city containing a population equal to a ratio shall elect separately its proportion of the representatives allotted to the *county* in which it is located." The division of the county of Allegheny by the apportionment Act into six districts does not affect the construction that the representatives elected by each district are representatives from the *county ;* they are elected at the general election in November, and not at the city and ward elections in February. The third election district (viz.: the four wards), is not a quasi corporation, and it has no "properly constituted authorities" who can be compelled to pay the costs. The Act directs the court below to apportion the costs "in such a way as the court or

judge shall think just," and being a matter in the discretion of the court below, there is no appeal.

Mr. Justice MERCUR delivered the opinion of the court October 17 1881.

The court found and adjudged O'Neil to be duly elected a member of the house of representatives in the third legislative district of the county of Allegheny. It further ordered the county to pay the costs of the proceeding. The power of the court to so impose the costs is questioned by the county, and presents the only contention in the case.

It is argued, inasmuch as O'Neil was elected in a district composed of four wards of the county, those wards only, and not the whole county, are legally chargeable with the costs. There is some plausibility in this view; but it cannot bear the test of a careful examination.

The power to impose costs is given by statute. Article II., section 17 of the Constitution declares "the members of the house of representatives shall be apportioned among the several counties on a ratio" stated therein. The Act of 19th May 1874 declares "the county of Allegheny shall be entitled to fourteen members," and then proceeds to divide it into six districts. Thus the county is entitled to the whole number specified; but probably to secure a more just representation of the sentiment of all the electors of the county, it is divided into districts for election purposes. For all other purposes the county remains entire. Although a member be elected by the people of a part of the county, he is nevertheless a representative of the whole county.

It is argued that under the 9th section of the Act of 19th May 1874, Pur. Dig. p. 1872, and the 1st section of the Act of 8th May 1876, Id. p. 2009, the costs must be imposed on that part of the county which participated in the election. The Act of 1874 does declare "the proper district, county, city, township, borough, ward, school district or municipality, shall be liable to pay all costs, and the same shall be paid by the proper authorities, upon the order of the court or judge trying the case." This act applies to contests in the election of president and additional law judges, to senators and members of the house of representatives, and to county, city, borough and township officers. The Act of 1876 authorizes the court to apportion the costs among the proper districts or municipalities of the whole district in which contest is had in such way as said court or judge shall think just, and "to compel the payment thereof by the properly constituted authorities of each as the payments of debts by the same can now be enforced."

The application of these acts is not limited to cases of con-

[Nellis v. Coleman, for use.]

The application of these acts is not limited to cases of contested elections of municipal officers within a county. When the district of a judge or a senator is composed of two or more counties, the power to impose costs is co-extensive with the district. Due and full effect can be given to the language and the spirit of the statute by applying it to "districts" of that character. There each county forms a municipal corporation with "properly constituted authorities," who may be compelled to make payment. The district in which O'Neil was elected is not a municipal district. It is not a corporate body capable of suing or being sued. It has no "properly constituted authorities" with power to bind it, to levy and collect taxes, or liable to pay costs. There is no official thereof to whom an order of the court for payment could be directed. There is no treasurer; no fund. The Act declares the payment shall be compelled "as the payment of the debts by the same can now be enforced." As the law now makes no provision for enforcing the payment of any debt against such a district, it is clear the Act was not intended to charge the costs thereon. As still further indicating the costs may be put on the whole county, the Act does not require the petitioners who initiate the contest to be qualified electors of the district in which the member of the house of representatives is elected; but "qualified electors of the county" fully satisfies the language of the statute. The learned judge committed no error in holding the county liable.

Judgment affirmed.