## Hayes's Election.

*Election law—Appeals—Record—Dismissal of appeal.*

An appeal to the Superior Court in an election contest will be dismissed where the record is not printed and there is nothing to show by whom, or upon whose petition, or on what grounds the election was contested.

Argued Feb. 28, 1907.    Appeal, No. 11, Jan. T., 1907, by A. Biancardi et al., from order of Q. S. Lackawanna Co., April T., 1903, No. 283, directing petitioners in election contest to pay costs In re Contested Election of John Hayes to the Office of Burgess of Old Forge.    Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ. Appeal dismissed.

Rule on borough of Old Forge to show cause why it should not pay costs in an election contest.

The court discharged the rule.

*Error assigned* was the order of the court.

*Edward W. Thayer* and *A. A. Vosburg*, with them *James E. Watkins*, for appellants.

*M. J. Martin*, with him *John J. Toohey*, for appellee.

OPINION BY BEAVER, J., April 15, 1907 :

No portion of the record in this case is printed.   We gather from the appellant's history of the case that, at an election for municipal officers of Old Forge borough, in February, 1903, John Hayes was returned as elected as burgess.   The opposing

candidate was Antonio Biancardi.   The election was apparently contested.   By whom, or upon whose petition, or on what grounds, does not appear.

It appears from the abstract of proceedings, that, on March 11, 1903, an "order directing filing of bond filed," and that on March 14, 1903, bond was filed.   This was probably the bond required by the Act of April 28, 1899, P. L. 118, in which it is provided : " Whenever a petition to contest an election in any of said cases (which include borough, township and municipal officers), shall be presented to the court, it shall be the duty of said petitioners, within ten days thereafter, to file a bond, signed by at least five of the said petitioners, in such sum as the said court, or any judge thereof during vacation, shall designate, with sureties to be approved by the said court or judge, conditioned for the payment of costs which may accrue in said contested election proceeding, in case the said petitioners, by decree of said court, shall be adjudged liable to pay said costs, and, if the said bond shall not be filed as herein provided, the said petition to contest the election shall be dismissed."   But this bond is not printed.

Was A. Biancardi, who is the only appellant whose name appears in the paper-book of the appellant, one of the petitioners for the contest?   Who were the other petitioners?  What were the grounds for contest upon which the petition was based?   Did the petitioners represent themselves as contestants of the legality of the election, or did they simply, as petitioners, put forward the opposing candidate for burgess as a contestant?   Who signed the bond required by the act, if such a bond was given?   Was the bond in proper form, as required by the act?   In short, were all jurisdictional steps necessary to give the court of quarter sessions cognizance of the contest properly taken?   Who are the appellants here?  We can answer none of these questions for the reason that the record, which would supply the answers, is not printed. It is, therefore, impossible for us to intelligently pass upon the question involved upon this appeal.

Assuming that the record is regular in all respects, and that the court's jurisdiction was thereby properly established, considered as a purely academic question, basing our conclusion upon what we are able to gather from the appellant's paper-

book, we would say that the construction of the court below of the Act of April 28, 1899, P. L. 118, was the correct one, and that the costs were properly imposed upon the petitioners, as provided in the act. It is not necessary to discuss this question, however, inasmuch as the case is not presented to us in such a way as to enable us to reach a conclusion which would be of any value as an authoritative legal precedent.

The right to take such an appeal is recognized in Thomas's Election, 198 Pa. 546, but it is not necessary for us to consider its scope and effect at this time. The only proper disposition, therefore, which can now be made is to dismiss the appeal.

Appeal dismissed at the costs of the appellants.