Opinion by
Rice, P. J.,
1. It was decided in Erdman v. Barrett, 89 Pa. 320, that the Act of May 19, 1874, P. L. 208, designating the several classes of contested elections in this commonwealth, and providing for the trial thereof, applies to the contest of an election in which a tie vote is returned. “The contest,” said the court, “is to be begun and carried on in the same manner and is to be followed by the same judgment as when one candidate is apparently in the majority and the other in the minority.” Consequently, the petition must set forth the cause of complaint, showing wherein it is claimed the election is undue or illegal — which requirement would not be satisfied by a mere averment that a tie vote was returned — and notice of the filing of the petition with a copy thereof must be served on the opposing candidate because, as was '.held in the case above cited, he is the person whose right of office is contested. “The contest is between the candidates voted for; they only can claim the right of office under the election to be investigated.” The object of the petitioners in instituting the proceeding is not merely to break the tie so that the office may be filled, but to establish the right of a particular candidate to the office to which he claims to have been elected, and the petition under consideration was framed with that end in view. If, after a judicial investigation of the election in the mode prescribed in the statute it is determined that the respondent received a majority of the votes legally cast, and he is given a certificate of election, *259 we can find no warrant in the statute for holding that the disposition of the costs is to be different where a tie vote is returned from what it would be if a plurality of votes had been returned in favor of the respondent.
2. The provisions of the ninth section of the act of 1874 relative to costs were (a) if the court should decide the complaint to be without probable cause the petitioners were jointly and severally liable for all the costs; (b) in contested elections of presidential electors and state officers whose jurisdiction extends over the state if the court should not decide the complaint to be without probable cause the commonwealth was fiable for all costs; (c) in contested elections of president and additional law judges, of senators and representatives in the legislature and of county, borough, township and municipal officers, if the court should not decide the complaint to be without probable cause “the proper district, county, city, township, borough, ward, school district or municipality” was liable for all costs. But where — taking this as a single illustration of the operation of the law — a judicial district or a senatorial district comprised two or more counties, the provision that the costs should be paid by the “proper district” was plainly inadequate, first, because it left it uncertain who were meant by the authorities of the proper district; secondly, if the officers of the counties comprising the district were meant, it provided no mode of determining the proportion each county should pay. This, we may safely infer, was the occasion of the enactment of the Supplement of May 8, 1876, P. L. 148, which authorized the court to “apportion all the costs among the proper districts, counties, cities .... of the whole district in which contest is had in such way as said court or judge shall think just, and to compel by order, the payment of such amounts so apportioned to each by the properly constituted authorities of each,” etc. The language which precedes the foregoing is somewhat involved and tends to obscure the meaning, but reading the act as a whole in the fight of the act which it supplemented, and with regard to the mischief to be remedied, we are led to the conclusion that it cannot be regarded as an independent law upon the subject of liability for costs as *260 between the petitioners and the public, but was intended simply to enable the court to apportion the costs for which a district should become hable under existing laws among the counties, and perhaps other municipalities, constituting the district, and to compel payment of the sums so apportioned. It was intimated in In re Contested Election of John O’Neil, 98 Pa. 461, that “due and full effect can be given to the language and spirit of the statute by applying it to districts of that character,” namely, judicial or senatorial districts composed of two or more counties. But be that as it may; it follows from what we have said as to the scope and intent of the act that it cannot be made to apply in the contest of an election of .common councilman in a city of the first class for the obvious reason that no occasion for apportionment of the costs can possibly arise in such a case. We conclude, therefore, that prior to the act of 1899 the law governing liability for the costs in such case was contained in section 9 of the act of 1874.
3. A statute amendatory of another, declaring that the former shall read in a particular way, must, in general, be held to repeal all provisions not retained in the altered form: Reid v. Smoulter, 128 Pa. 324. Applying that rule here we must look to the Act of April 28, 1899, P. L. 118, for the law governing the question raised by this appeal. By comparing it with the ninth section of the act of 1874 which it supplanted it will be seen that the only retained provisions which make liability for costs depend upon the question of probable cause for the complaint are those which relate to contested elections of presidential electors, of state officers whose jurisdiction extends over the state, and of senators and members of the house of representatives. As to all other contests to which any reference is made, either in the act of 1874 or in the act of 1899, the statutory provision now reads as follows: “In contested elections of president or additional law judges, and of county, borough, township, municipal officers, or school directors or school controllers, if the contestant or contestants fail to establish his or their right to the office to which he or they claimed to have been elected, the petitioners and each and every of them shall be jointly and. severally liable for all the *261 costs, and the same may be collected as debts of like amount are by law collectible, or payment thereof may be enforced by attachment. In case the contestant or contestants establish his or their right to the office in either of the above-named cases, the costs shall be paid by the proper district, county, borough, township, municipality or school district.” Whatever else may be claimed for this clause of the statute it cértainly cannot be claimed that it furnishes any warrant for holding that in contested elections of this class liability for costs is dependent upon the question of probable cause. But it is claimed that it has no application to the case at bar because Mr. Clarke, the person alleged in the petition to have been elected, was not a petitioner, and, so far as the record shows, took no part in the contest either as a party or a witness. Under these circumstances, say counsel, the condition provided in the act, upon the happening of which costs could be imposed upon the petitioners, has not occurred. They tersely state their contention thus: “The petitioners, if they be the contestants, have claimed no office, and Mr. Clarke, if he be meant, has not contested. Therefore the act of 1899 cannot apply.” It seems improbable from the context that in the use of the words “contestant or contestants”, the legislature had in mind any person or persons whose right to the office was not claimed in the petition. But we are unable to conclude that the person claiming the right to the office must be a. petitioner in order to- become a contestant within the meaning of the act. The logical conclusion from such construction of the statute would be that if he did not sign the petition, or if it could not be shown in some other way that he caused the contest to be instituted, or that he carried it on, neither the petitioners, nor the district, county or other municipality in which the contest arose would be liable for the costs, whether it was successful or unsuccessful, whereas if he did sign the petition the act would apply and the costs would be recoverable from the petitioners or the district or other municipality according as the contest was successful or unsuccessful. It is an elementary principle that the effects and consequences of a proposed construction of a law, as well as its reason and spirit, will be looked into in determining the *262 legislative intent. The obvious unreasonableness, not to say absurdity, of a statute that would make recoverability of the costs of a contested election from any source whatever depend upon the mere fact that the person claiming the office did or did not sign the petition is ground for a very strong argument that this is not what the legislature intended. Prior to its passage the word “ contestant, ” as used in proceedings to contest elections, had acquired a meaning by usage which, whether etymologically correct or not, was broad enough to include the claimant of the office in whose behalf the contest was instituted. For the sake of convenience, and to distinguish him from the respondent, he was frequently designated in common speech as the ■ contestant, and we find the word used in that sense in judicial opinions. It was so used in another act passed at the same session of the legislature. See Act of April 28,1899, P. L. 118. If we assume, as we think may be done, that it was used in that sense in this connection, the construction of the act is free from difficulty. The contest having been properly instituted the person alleged to have been elected is enabled to establish his claim to the office if the proofs warrant. If the decision be against him, whether that be due to the weakness of his proofs, or to his entire inaction, or to the strength of his adversary’s proofs, it is perfectly proper to say that he has “failed” to establish his right to the office. This fulfills the condition upon which the petitioners become liable for costs. On the other hand, if the decision be in favor of the person on whose behalf the contest was instituted and his right to the office is established, the condition is fulfilled upon which liability for the costs falls upon the district, county or other municipal division in which the contest arose, and that, too, even though such person did not sign the petition or it can be shown that the result of the contest was not brought about by his efforts. In Thomas’s Election, 198. Pa. 546 — a contest of the election of city treasurer — Mr. Justice Mestrezat reviewed the legislation relative to costs and, while this was not the precise point upon which the decision of that case turned, the view was expressed that the act of 1899 “imposes the costs in contested elections upon the petitioners if the contest *263 be unsuccessful and upon the city if the contest be successful.” Although the point was not positively decided, the same view was expressed in the opinion of our Brother Beaver in Hayes’s Election, 33 Pa. Superior Ct. 310. We entertain no doubt that that was the intention of the legislature and that that intention may be effectuated without doing violence to the language of the act.
The order is affirmed.