## Seim's Appeal.

Argued May 24, 1934.   Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

226

*Benjamin L. Steinberg,* with him *Leo Kostman,* for appellant.

*Harry A. Estep, James T. Philpott, A. M. Oliver* and *Julius Spatz,* for appellee, were not heard.

PER CURIAM, June 30, 1934:

At the municipal election held November 7, 1933, James H. Rose was a candidate for the office of burgess of the Borough of Braddock on the "Republican," "Braddock," "Fair Play" and "Prohibition" tickets, and Fred Seim was a candidate for the same office on the "Democratic," "Independent" and "Roosevelt" tickets. The return judges reported a total of 2,097 votes cast for Rose and 2,117 votes cast for Seim. In this computation the election officers and the judges sitting as a recount board refused to include in the count for Rose twelve votes cast for *James Rose* on the Prohibition ticket and thirteen votes cast for *James H. Rose* as "no party votes." The right to have these twenty-five votes counted for James H. Rose is the question in dispute here. A certificate of election having been issued to Seim, fifty-nine qualified electors of the Borough of Braddock appealed from that order to the court of quarter sessions. If the twenty-five disputed votes should be counted for Rose, the certificate of election issued to Seim must be cancelled and a new certificate issued to Rose. The court below reversed the action of the recount board, counted the disputed votes for James H. Rose, revoked the certificate issued to Seim, and directed that a certificate of election be issued to James H. Rose.

As to the right of James H. Rose to have included in his total the twelve votes cast for him on the Prohibition ticket, the burden was on him to establish by clear and convincing evidence that James H. Rose and James Rose are one and the same person. An examination of the testimony shows this burden was fully met, and establishes beyond doubt that appellee was well known throughout the borough, had served four years as bur-

gess, had been a justice of the peace in the borough for eight years, and had paid taxes assessed under the names of both James H. Rose and James Rose. There is also testimony of tax collectors, officers and other citizens of the borough, familiar with the residents of the municipality, that they knew of no James H. Rose or James Rose residing in the borough other than the candidate for burgess. The testimony offered to rebut this was so weak and unconvincing as not to require consideration. The court below properly counted these twelve Prohibition votes for appellee.

On all the thirteen ballots classed as "no party votes" a cross was made by the voter not only opposite the name of James Rose, the Prohibition party candidate, but also opposite the name of James H. Rose in one or more of the other party squares. It seems clear this marking emphasized the intention of the voters to cast their ballots for appellee, and for that reason we are of opinion one vote in each instance was properly counted by the court below for James H. Rose. "The intent to vote for [appellee] is manifest and should be given effect": Gegg's Election, 281 Pa. 155, 163.

The order of the court below is affirmed at appellant's costs.

PER CURIAM, September 26, 1934:

Subsequent to the filing of the opinion in this case, on June 30, 1934, a petition was presented on behalf of Fred Seim, seeking to have the costs placed upon the Borough of Braddock in lieu of petitioner. A rule to show cause why the prayer of the petition should not be granted having issued, the Borough of Braddock filed its answer contending the costs should be apportioned between it and the County of Allegheny. The petition alleges the Act of May 19, 1874, P. L. 208, as amended, provides that where an election contest is successful, as in this case, the costs shall be placed upon the proper county, borough, township or school district. An examination of the statute discloses the contention of petitioner is correct.

The answer of the Borough of Braddock seeks to have the costs apportioned between it and the County of Allegheny under the provisions of section 1 of the Act of May 8, 1876, P. L. 148, empowering the judge who hears an election contest, upon deciding the complaint is not without probable cause, to apportion the costs among all the interested governmental divisions. There would appear to be no ground for an apportionment in this case, as the office of burgess is not a county office and has no direct relation to county affairs. As pointed out in Thirty-eighth Ward Election, 35 Pa. Superior Ct. 256, 259, an apportionment of costs should be made where a judicial district or senatorial district comprises two or more counties, and in other similar instances, but should not be made where a valid ground of apportionment fails to exist.

The order previously made, placing the costs upon Fred Seim, is hereby vacated, and it is ordered that the costs be paid by the Borough of Braddock.