## Tibby's Appeal

*Alex. S. Scribner* and *D. Thomas Stauffer*, for appellant.

*Raymond E. Brown*, county solicitor, for board of elections.

LONG, P. J., October 13, 1937.—This matter comes before the court by virtue of the appeal of William C. Tibby, filed on October 4, 1937, wherein he set forth, in substance, "that he is a duly qualified elector of the Borough of Punxsutawney, Jefferson County, Pennsylvania, and that at the primary election held on September 14, 1937, he was a candidate for the Republican nomination for Burgess of the Borough of Punxsutawney, Jefferson County, Pennsylvania; that on September 29, 1937, he requested the Jefferson County Board of Elections to compute votes cast for him by adding together as having been cast for

him all of the votes cast for William Tibby, W. C. Tibby, William C. Tibby, Bill Tibby, Mr. Tibby and Tibby, making a total of 554 votes, and thereby giving him the largest number of votes cast for any one candidate for the office of burgess and making him the Republican nominee for said office; that the board did not comply with his request and on October 2, 1937, computed, announced and attested the ballots cast for the said nomination as follows:

"Noah Treharne ................... 418
William Tibby ................... 215
George Hughes ................... 127
M. R. Tibby ................... 17
H. B. Winters ................... 1
Tibby (2nd Ward, 2nd Precinct) ...... 12
Treharne ................... 3
Hughes ................... 1
D. R. Thomas ................... 1
Francis O'Keefe ................... 1
John F. Jenkins ................... 1
David Jones ................... 1
M. C. Tibby ................... 1
N. M. Treharne ................... 45
W. C. Tibby ................... 225
William C. Tibby ................... 100
Noah M. Treharne ................... 79
Mr. Tibby (6th Ward, 2nd Precinct) .. 1
Bill Tibby (6th Ward, 2nd Precinct) .. 1"

His petition then set forth that upon the basis of the aforesaid computation Noah Treharne is the Republican candidate for Burgess of the Borough of Punxsutawney, and that appellant is "aggrieved by the said decisions, actions and orders of the said board and feels that an injustice has been done him for the reason that he is the Republican candidate for the said office of burgess, he having received the most votes therefor", further alleging that "he is the person variously named in the said

computation as William Tibby, William C. Tibby and W. C. Tibby, he being the only person of that name conducting a campaign for the said nomination and being the only person of that name or with those initials in the Borough of Punxsutawney; that at least eight of the persons who voted 'Tibby' for the said office were voting for him and intended so to do; that the person who voted 'Mr. Tibby' voted for him and intended so to do; that the person who voted 'Bill Tibby' voted for him and intended so to do"; and lastly, "when the votes of William Tibby, William C. Tibby, W. C. Tibby, Tibby, Mr. Tibby and Bill Tibby are added together it will be shown that appellant has more votes than any other candidate for the said office." He then prayed the court for an order which will give him relief, declaring him to be the Republican candidate for the office of Burgess of the Borough of Punxsutawney, Pa.

It appearing that the petition was, in due legal form, presented and filed within the time required by the act of assembly, an order was made fixing October 7, 1937, at 9 a.m., at the courthouse, Brookville, as the time and place for hearing, and directed that a copy of his appeal be served upon a member of the Jefferson County Board of Elections and upon Noah Treharne, N. M. Treharne, Noah M. Treharne and George Hughes at least two days before said appeal would be reviewed by the court. On the day, at the hour and place fixed for hearing, appellant presented and filed an affidavit setting forth that on October 4th he served a copy of the appeal and order above mentioned upon all of the parties therein directed to be served, by handing to each of said persons so named a true copy of said appeal and order.

None of the parties named in the appeal appeared in person. The court announced publicly that all persons had a right to be heard and none responded, except Raymond E. Brown, Esq., county solicitor, who stated that the Jefferson County Board of Elections was without

power to comply with petitioner's request. None of the parties named in the appeal filed answer thereto.

On the hearing counsel for appellant, William C. Tibby, offered in evidence the general certification of the results of the primary election held on September 14, 1937, by the county board of elections for the Republican nomination for the office of Burgess of the Borough of Punxsutawney and the registry lists of voters for the 12 election districts of the Borough of Punxsutawney.

A careful perusal of the registry lists of qualified electors in each of the 12 election district discloses that in the Borough of Punxsutawney on the date of said primary election the only persons having the surname "Tibby", registered Republican and being entitled to receive and vote a Republican ballot at said primary election, were J. R. W. Tibby, Eugenia Tibby, M. R. Tibby, Anna A. Tibby, all residents of the third ward, second precinct, and Wm. C. Tibby (the district register card identifying the registered voter having been signed W. C. Tibby), a resident of first ward, second precinct, and Alice Tibby, a resident of the first ward, second precinct, and the only persons having the surname "Treharne", registered Republican and being entitled to receive and vote a Republican ballot at said primary election, were Noah M. Treharne and Annie Treharne, second ward, first precinct, Noah M. Treharne, Jr., and Carrie E. Treharne, third ward, second precinct, Mabel J. Treharne, sixth ward, first precinct, Thomas Treharne and Edith L. Treharne, first ward, first precinct; that no person named Noah Treharne was a registered voter in any of the precincts of the Borough of Punxsutawney.

William C. Tibby was called and testified that he is a resident of the Borough of Punxsutawney, Jefferson County, Pa., and has resided there continuously for more than 17 years; that he was on September 14, 1937, a qualified elector of the first ward, second precinct, of said borough, and registered Republican; that he is familiar with all persons who have the name of "Tibby" in that

borough, and that on September 14, 1937, there was no other person in the Borough of Punxsutawney having the name William C. Tibby, William Tibby or W. C. Tibby, and that he is the only William C. Tibby, W. C. Tibby or William Tibby in that borough; that he was a candidate for the Republican nomination for Burgess of the Borrough of Punxsutawney at the primary election held September 14, 1937; that the candidates for said office were W. C. Tibby, William C. Tibby, Noah Treharne and Noah M. Treharne; that he was the only announced candidate so far as the general reputation is concerned of the name of "Tibby"; that he is the only one of the name "Tibby" who made any canvass for votes or any effort to secure the nomination for that office, and that he is frequently known by the nickname "Bill".

Appellant then called in order Mrs. Carrie Mae Campbell, known as Mrs. Kenneth Campbell, Mrs. Bertha B. McQuown, Miss Isabel Gotwald, Mrs. Lula Peoples, Arthur Chapman and Alex Wazelle. Each of these witnesses testified to having voted for William C. Tibby by writing the surname "Tibby" in the square opposite the name "Burgess" on the official Republican primary ballot on September 14, 1937, at the respective election precincts in the Borough of Punxsutawney at which each of said electors voted; that all said voters were residents and qualified registered Republican electors and entitled to a Republican ballot at their respective precincts; that by voting for "Tibby" they considered that they were voting for William C. Tibby and intended to vote for William C. Tibby, this appellant, for the Republican nomination for Burgess of the Borough of Punxsutawney, Pa.

Mrs. Zula VanDyke then testified that she was a resident and qualified registered Republican elector and entitled to a Republican ballot in the sixth ward, second precinct, of the Borough of Punxsutawney, Pa., and that she, at said primary election in said precinct, wrote in the

square opposite the name "Burgess" on the Republican ballot the name "Mr. Tibby"; that she considered that she was voting for William C. Tibby and intended to vote for William C. Tibby, this appellant, for the Republican nomination for Burgess of the Borough of Punxsutawney, Pa.

Various reasons were given by these witnesses for failing to write the Christian name of William C. Tibby. One stated that there was no other Tibby running for that office; another stated that she did not know the initials of appellant, although she knew that he was the Tibby running for burgess; another stated that she knew the name of appellant, but thought it was shorter to write "Tibby".

S. Emory Kuntz, a member of the Jefferson County Board of Elections, then testified that no one filed, as prescribed by the act of assembly, a petition as Republican candidate for the office of Burgess of the Borough of Punxsutawney and no names were printed on the Republican ballot for that office. Consequently, the Republican voters were compelled to resort to, and had the privilege, as prescribed by section 1002 of the Election Code of June 3, 1937, no. 320, governing the form of official primary ballot, of writing or pasting the name of the person for whom they wished to vote for burgess in the blank space provided for that purpose.

On the face of the returns this court would not attempt to determine what was the will of the voters; neither will we attempt to thwart the will of these voters. Consequently, we are compelled to rely solely on the evidence produced on this hearing and ascertain therefrom what was the intention of the voters as determined by the testimony and by the extrinsic evidence connected therewith: Reifsnyder v. Musser, 12 W. N. C. 155; In re Contested Election for Justice of the Peace of Fairview Borough, 4 J. L. R. 61.

The first question for our determination is: Should the votes cast for William C. Tibby, W. C. Tibby and William

Tibby be cumulated, counted together, for appellant. The evidence is undisputed that appellant is the only person of that surname, given name, and initials in the Borough of Punxsutawney, and that he was the only person of that surname who was reputed to be a candidate for the office of burgess. It was decided in Attorney General ex rel., v. Ely, 4 Wis. 420, Brightly's Contested Election Cases, 258, quoted in Reifsnyder v. Musser, supra:

". . . when there is a doubt as to the person intended to be voted for, by reason of a misspelling of the surname, or of the addition of a *different or erroneous* Christian name, facts and circumstances of public notoriety *dehors* the ballots connected with the election, and the different candidates, are competent evidence to ascertain for whom the ballots were intended to be cast."

In the case of Attorney General ex rel., v. Ely, supra, the facts were, briefly: Matthew H. Carpenter and George B. Ely were candidates for the office of district attorney. In a contest it appeared that votes were cast for D. M. Carpenter, M. D. Carpenter, M. T. Carpenter, and for "Carpenter", and for Mr. Ely by several erroneous initials and by the surname "Ely". It was there shown that these candidates were the only persons by those surnames in the county competent to hold the office, and from that fact it was held that it might be inferred that the votes having on them only the surname Carpenter or Ely were intended to be cast for Matthew H. Carpenter and George B. Ely, and the votes were so counted.

Again, it was held in In re Contested Election of Simon Marburger, 5 W. N. C. 379, that evidence was admissible to show that Simon Marburger was well known by the name of Samuel. On such proof votes cast for Samuel were credited to Simon Marburger. The evidence in each of these cases raises a reasonable presumption in respect to the intention of the voter.

There it was further held that it is not necessary to bring another case within the principle enunciated in

these, or that the facts should be the same or similar; each case must depend upon its own surrounding circumstances. If, from these circumstances, the intention of the voter can be arrived at without violating any rules of evidence, or endangering the purity of the ballot-box, it is the duty of the court in disposing of the case on its merits to do so: Reifsnyder v. Musser, supra.

In re Contested Election for Justice of the Peace of Fairview Borough, supra, Judge Walling, later Mr. Justice Walling of the Pennsylvania Supreme Court, held that where it was admitted that "Louie Knight" and "L. A. Knight" were one and the same person, that he had resided in the borough for 10 years, and that there was no other "Louie Knight" or "L. A. Knight" in that borough, votes cast for "Louie Knight" should be cumulated and added to votes cast for L. A. Knight; that the intent of the voters was manifest and appeared upon the face of the ballot, and that such intent being clear it should be given effect. The cardinal rule is to give effect to the intention of the voter whenever it is not left in uncertainty, and technical accuracy is never required: Middendorf's Case, 4 Dist. R. 78. In the case of East Taylor Township Supervisor's Election, 17 Pa. C. C. 657, Judge Barker decided that votes cast for John Keiper, J. B. Keiper and J. Keiper should all be counted for John Keiper, he being the only man in the township by the name of Keiper.

In re Contested Election of Town Council of Phœnixville, 2 Chester 123, it was held that votes clearly intended for a candidate will not be rejected because of wrong spelling of his name.

In Reifsnyder v. Musser, supra, and In re Third Division, Twenty-sixth Ward Election, 12 Phila. 631, votes were counted where the Christian name had been omitted entirely.

In fact, the consensus of opinion, both before and since the Ballot Act of June 10, 1893, P. L. 419 (since which

date the form of the ballot has not been materially changed), seems to be uniform in holding that where the intent of the voter is clearly shown by the ballot the vote should be counted.

After a careful consideration of all the evidence, which includes the registry list of voters, the returns of votes cast, and the certification of the results as made by the county board of elections, we are convinced and compelled to find that 100 votes cast for William C. Tibby, 225 votes cast for W. C. Tibby, and 215 votes cast for William Tibby, aggregating 540 Republican votes cast, should be added together. See In re Contested Election of Simon Marburger, supra; East Taylor Township Supervisor's Election, supra; In re Contested Election of Town Council of Phœnixville, supra; Quinn's Contested Election, 14 Dist. R. 386; Hoover's Contested Election, 48 Pa. C. C. 435; Snodgrass' Election, 49 Pa. C. C. 39; Seim's Appeal, 316 Pa. 225.

The next question which arises is whether the 12 votes cast for "Tibby" and one vote cast for "Mr. Tibby" should be added to the total for appellant. We have already indicated that the evidence discloses on the part of appellant that six qualified electors who voted for "Tibby" intended to vote for this appellant by writing in the proper square opposite the name Burgess the name "Tibby", and that one elector testified to having voted for this appellant for the office of burgess by writing the name "Mr. Tibby" on the Republican ballot in the square opposite the name "Burgess": Reifsynder v. Musser, supra; Kochersperger v. Hargrave, 6 Pa. C. C. 510; Wolverton's Election Case, 1 Walker 48, are authority for the principle that these votes can be added to appellant's total, thereby making it 547 votes.

The next question raised is whether a vote cast for "Bill Tibby" should be counted for this appellant. The testimony discloses that the name "Bill" is a familiar nickname of this appellant; that "Bill" is a common diminutive for William, appellant's full Christian name being

William, and the entire list of voters discloses no other persons of the surname of Tibby for whom "Bill" would be a suitable diminutive. It follows that the vote cast for "Bill Tibby" could be added to appellant's total. We are not unmindful of Clinton Township Election, 20 D. & C. 530, where the court refused to permit cumulation of votes, the evidence there having disclosed only a recount without any testimony to show the voters' intention or testimony to indicate that the candidate was the only person or candidate in the district of the surname, given name or initials involved. Furthermore, that case involved an election for two school directors. Likewise, in the case of Commonwealth ex rel. v. Bishop, 7 D. & C. 733, involving an election for two school directors, the court rightly held that to permit a cumulation of votes would amount to permitting an elector to vote twice for the same candidate.

Again, in Corydon Township Election, 13 D. & C. 518, the court refused to permit a cumulation of votes cast under different names for the same candidate for the apparent reason that there, unlike the instant case, no testimony was taken for the purpose of identifying the candidate, his full Christian and surname. Without testimony the court is powerless to determine that votes cast for a candidate under different Christian names may be cumulated.

In the instant case, unfortunately, no testimony was offered in behalf of Noah Treharne, N. M. Treharne, or Noah M. Treharne. Therefore, all we can do is look at the face of the record. It discloses that the certification of results by the Jefferson County Board of Elections shows that Noah Treharne received 418 votes for Burgess of Punxsutawney, whereas the certified list of registered voters for the Borough of Punxsutawney offered in evidence by the appellant Tibby discloses that no person named Noah Treharne was a registered voter in the Borough of Punxsutawney on September 14, 1937; however, the record does disclose that one named Noah M. Tre-

harne and one named Noah M. Treharne, Jr., were registered voters of said borough at that time. Therefore, we would not be legally permitted, without evidence showing that Noah Treharne, N. M. Treharne, and Noah M. Treharne were one and the same person, and the only Noah M. Treharne residing in the Borough of Punxsutawney on the date of said election, to cumulate 79 votes cast for Noah M. Treharne, 45 votes cast for N. M. Treharne, and 418 voters cast for Noah Treharne and credit the total thereof to Noah M. Treharne, or Noah Treharne: See Clinton Township Election, supra; Corydon Township Election, supra.

It will be observed from the testimony and extrinsic evidence in this case, as the same has been found and discussed, that this appeal puts an undue burden on this court. In fact, we would much prefer to have found that the Republican candidates had filed a petition in due form and that their names had been printed on the official Republican ballot.

We find, under all the law and the evidence, that appellant, William C. Tibby, received a total of 540 votes as follows: William C. Tibby, 100 votes; William Tibby, 215 votes; W. C. Tibby, 225 votes, at the primary election held on September 14, 1937; and that said number of votes should be computed as the vote cast for William C. Tibby, Republican candidate for Burgess of the Borough of Punxsutawney, Pa.; that to the total of 540 votes can be added seven votes cast for William C. Tibby for the reasons hereinbefore stated; however, for the purposes of this case the same will not be added, and by reason thereof the total Republican vote cast for William C. Tibby, appellant, for Burgess of the Borough of Punxsutawney on September 14, 1937, was 540 votes; and, it further appearing from the record and the testimony connected therewith that 540 votes cast for William C. Tibby was the highest number of votes cast for any Republican candidate on the Republican ballot at said pri-

mary election for the office of Burgess of the Borough of Punxsutawney, we are compelled to make the following

### Order

And now, October 13, 1937, after due and careful consideration of the law and the evidence, the appeal is sustained and it is hereby declared and decreed that at the primary election held in and for the Borough of Punxsutawney, Jefferson County, Pa., on September 14, 1937, William C. Tibby, having received the highest number of votes cast by the Republican electors of said borough for the office of burgess, was duly nominated on the Republican ballot to the office of Burgess of the Borough of Punxsutawney, Jefferson County, Pa., and that the Jefferson County Board of Elections shall issue to him a certificate evidencing such nomination. Appellant shall pay the costs, if the same are not already paid.