

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 27, 1952

Hon. Firman Smith
County Attorney
Brown County
Brownwood, Texas

Opinion No. V-1533

Re: Proper manner to tally
votes·for candidates who
have been cross-filed
and whose names appear
on the ballot as the
candidates of more than
one political party.

Dear Sir:

     You have requested an opinion on the following· questions relative to the general election which will be held on November 4, 1952:

     "QUESTION ONE:  In view of the cross-filing of the ·Democratic nominees for State office on the Republican ticket, and in view of the· fact that if the Republican can- didate for Governor in the general election shall receive 200,000 votes the Republican Party will be required to hold a primary election two years hence, should the election officers, who make up the tally sheets, in each voting box show how many Democratic votes Allan Shivers received in one column and how many Republican votes he received in another column?

     "QUESTION TWO:  In counties where all or some of the county Democratic candidates have been cross-filed on the Republican tick- et, should the election officers who make up the tally sheets in each voting box show how many Democratic votes each candidate received in one column and how many Republican votes he received in another column?

     "QUESTION THREE:  Where a Democratic can- didate has been cross-filed on the Republican ticket, and there are no other candidates for that office on any other ticket, in the event the voter leaves the name of such candidate on both tickets, should a vote be counted for such candidate?

"QUESTION FOUR: If you have answered Question Three 'yes,' and if you have answered that the tally sheet should show how many votes each candidate received on the Democratic ticket as well as on the Republican ticket, then for which party would the vote be counted?"

The manner in which party nominations are to be made is determined by the party's voting strength as shown by the number of votes cast for its nominee for Governor at the preceding general election. A political party which cast 200,000 votes or more for Governor at the last general election is required to nominate its candidates by primary elections. Secs. 57, 180, Election Code. A political party whose nominee for Governor in the last preceding general election received between 10,000 and 200,000 votes may nominate candidates either by primary election or by convention, at the option of the party's state executive committee. Secs. 222, 223, Election Code. Representation of precincts and counties in certain party conventions is also based on the number of votes cast for the party's candidate for Governor at the last general election. Secs. 212, 217a, 235, Election Code; Acts 52nd Leg., 1951, ch. 44, p. 71.

Prior to the effective date of the Texas Election Code on January 1, 1952, a candidate for an office was not permitted to have his name appear on the ballot as the nominee of more than one political party. Art. 2978, V.C.S. Consequently, a question as to the necessity of tallying separately the votes cast for an individual who was the nominee of two parties could not arise. But under the present law (Section 57, Election Code), the prohibition against a candidate's name appearing more than once on the ballot has been changed to read:

". . . The name of no candidate shall appear more than once upon the official ballot, except as a candidate for two (2) or more offices permitted by the Constitution to be held by the same person <u>or as the nominee of two (2) or more political parties for the same office</u>." (Emphasis added.)

We think the Legislature clearly intended that all votes cast for a candidate who was the nominee

of two or more political parties should be cumulated in determining whether he was elected. The main objective of the general election is to ascertain the will of the voters as citizens. So far as the outcome of the election is concerned, it is entirely immaterial whether the votes for an individual who is the nominee of two or more political parties were cast by Republicans, or Democrats, or members of other party groups, or independent voters. All are electors participating in the choosing of public officials who are to represent the entire electorate in the affairs of government. Cunningham v. McDermett, 277 S.W. 218 (Tex.Civ.App. 1925, error dism.); People v. Smith, 328 Mich. 323, 43 N.W.2d 871 (1950).

The statutes dealing with party strength have nothing to do with determining the total number of votes a candidate received toward election. Election depends upon the candidate's receiving the greatest number of votes polled, without any regard whatever to party affiliation of the candidate or the voter. Secs. 118, 121, 123, 124, Election Code. All votes cast for a candidate, whether in a party column or columns under which his name is printed, or in some other party column, or in the write-in column, count as votes toward election. Moore v. Plott, 206 S.W. 958 (Tex.Civ.App. 1918); Frothingham v. Woodside, 122 Me. 525, 120 Atl. 906 (1923); People v. Smith, 328 Mich. 323, 43 N.W.2d 871 (1950); Appeal of McCracken, 370 Pa. 562, 38 Atl.2d 787 (1952).

But the Legislature has recognized the place of organized parties in the political life of the community by according them a role in the machinery for nomination and election of public officials. The Legislature has laid down different rules for parties of different sizes, and it has adopted the number of votes cast for the party's candidate for Governor at the general election as the means for measuring party strength. Some of the persons voting for a party nominee in the general election may have no present affiliation with that party and may also have no intention of becoming affiliated with it in the future, but the Legislature has evidently thought that the votes cast for a party's candidate for Governor will give a reasonable indication of the number of voters who will participate in that party's affairs during the next series of elections. However, as stated before, estimation of party strength

through this device has no relation to the outcome of the election itself. It is only a secondary objective in the election.

The present statutes do not clearly state whether all the votes cast for a gubernatorial candidate who was the nominee of two parties in the preceding general election should be taken into consideration in determining the mode of conducting each party's affairs in the succeeding series of elections. Manifestly, each individual voter could be a member of only one party, and the combined votes of both party's supporters would not afford a measure of either party's strength. However, for the purpose of this opinion it is not necessary to decide what the legislative intent was, because the Secretary of State has prescribed forms for the 1952 general election which will accommodate both the primary objective of determining the total number of votes cast for each candidate and the secondary objective of determining party strength.

The Legislature has delegated the authority to prescribe these forms to the Secretary of State by Section 3 of the Election Code, which reads:

"At least thirty days before each general election the Secretary of State shall prescribe forms of all blanks necessary under this Code and shall furnish same to each county judge. . . ."

Acting under this authority, the Secretary of State has already furnished these forms to the county judges. The forms for tally lists and returns which he has prescribed for offices to be voted on by the electors of the entire State in this year's election are illustrated on page 8 of this opinion. These forms permit an ascertainment of the total number of votes which each candidate received, by a simple process of addition, and also accommodate the various statutes calling for an ascertainment of party voting strength for guidance in the regulation of future party activities, regardless of what the proper method may be. In our opinion they will sufficiently reflect all the information which the election officials should record and report. Since the duty of prescribing the forms is placed on the Secretary of State, the blanks which the county election boards supply precinct election officials should be in conformity with

those he has prescribed, and the election officials should make their reports in accordance therewith.

In answer to your first question, then, it is our opinion that the votes cast in the 1952 general election for the Honorable Allan Shivers, who is the nominee of both the Democratic and the Republican Party, should be tallied as prescribed by the Secretary of State so as to show how many votes were cast for him in the Democratic column and how many votes were cast in the Republican column.

Your second question asks whether it is necessary to tally the votes separately where a candidate for a county office is the nominee of more than one party. The Secretary of State has not prescribed that the votes for county candidates should be tallied separately according to party, and to our knowledge there is no statute necessitating a separate tallying of these votes. The only purpose of the general election with respect to these offices is to determine the candidate "for whom the greatest number of votes have been polled." So long as the election officials are able to determine the total number of votes which the candidate received, the method of tallying used in these races will be sufficient. It is therefore our opinion that the votes which a candidate for a county office received in each party column do not have to be tallied separately, but a separate tallying would not be illegal.

The third question which you raise is whether a ballot should be counted for a candidate where the voter has indicated his choice of that candidate in two different places on the ballot. Such instances might arise where the name of the candidate appears on the ballot as the nominee of two parties or where the voter has written in the name of a candidate who was already on the ballot in some other column.

In Huff v. Duffield, 251 S.W. 298 (Tex.Civ. App. 1923), a voter wrote in the name of a candidate whose name was already printed on the ballot and apparently left the printed name unscratched. The court held that the ballot should be counted as a vote for that candidate. In re Gegg's Election, 281 Pa. 155, 126 Atl. 260 (1924), held that a ballot marked for a candidate in two party columns should be counted for him, saying: "The intent to vote for him is manifest, and should be

given effect." A similar holding was made in Harkness v. Board of Canvassers, 37 R.I. 266, 92 Atl. 567 (1914), wherein the court said:

"... Although the candidates' names, printed upon the official ballots, are placed there as the choice of the different political parties or of groups of citizens expressed upon nomination papers, the direction of the statute is that the voter shall vote for the candidate of his choice, not for a candidate as the nominee of one of the political parties or of other groups of citizens. The voter surely cannot be said to have less clearly indicated his personal choice of a candidate when he has expressed it more than once."

Also see In re Contest of Election for Office of Burgess of Borough of Braddock, 316 Pa. 225, 174 Atl. 465 (1934); Frothingham v. Woodside, 122 Me. 525, 120 Atl. 906 (1923). Your third question is therefore answered in the affirmative.[1]

In your fourth question you ask for which party a ballot should be tallied where the voter has indicated his choice of the candidate under both party columns. The question of the party to which such a vote should be accredited was considered in In re Gegg's Election, supra. The court said:

---

1/ Section 103 of the Election Code contains the following provision: "If the names of two (2) or more persons are upon a ballot for the same office, when but one person is to be elected to that office, such ballot shall not be counted for either of such persons." This statute refers to instances where the names of two distinct individuals are on the ballot, the reason back of it being that the voter had not indicated a choice which could be tallied for either candidate. In our opinion, it has no application where the voter has indicated his choice of the same candidate in two different places.

" . . . The difficulty about tabu-
lating the votes of the respective polit-
ical groups, so as to fix their standing
as parties for future elections, which
the counting of such a marked ballot may
present, is not a controlling considera-
tion. The principal purpose of an elec-
tion is to choose persons to fill public
offices, and ascertaining the political
status of the respective groups is a
secondary object. When, as here, it is
impossible to tell to which party the
vote in question ought to be assigned,
it cannot be accredited to any."

Also see In re Contest of Election for Office of
Burgess of Borough of Braddock, supra.

We agree with this holding. Where a voter
has voted for a candidate in both the Democratic and
the Republican columns, it is impossible for the elec-
tion judges to determine whether he is voting as a
Democrat or as a Republican. While many of the voters
doubtlessly would have a party preference, it could
not be ascertained from the ballot. Therefore, we
think that in instances where the votes are being tal-
lied separately according to party, a vote for the
same candidate under two party columns should be tabu-
lated for the candidate in a "no party" space on the
tally sheet. These votes, of course, should be added
into the final total of votes cast for that candidate
in the election. This procedure complicates the tally-
ing of votes and places an extra burden on the elec-
tion officials, but we see no other way to arrive at
the total votes the candidate received and at the same
time reflect party voting strength in the election in
accordance with the forms already prescribed by the
Secretary of State.

Adverting to the forms of tally sheets and
returns which have been prescribed for this year's
election, we suggest that the election officials en-
ter these "no party" votes on the tally sheet on one
of the write-in lines underneath the space for listing

votes by party, as illustrated below:

| NAME OF OFFICE | NAME OF CANDIDATE (Allow at least as many lines as necessary to tally the maximum probable votes cast in this box) | 5 5 | 10 5 | | 135 5 | Total Per Line | Total Per Candi-date |
|---|---|---|---|---|---|---|---|
| For Governor | Allan Shivers Democratic Party | | | | | | |
| | Allan Shivers Republican Party | | | | | | |
| | *Allan Shivers no party* | | | | | | |

These votes may be entered on the write-in line in the return form as follows:

ALLAN SHIVERS received............votes for Governor Democratic Party.
ALLAN SHIVERS received............votes for Governor Republican Party.
....*Allan Shivers*........received............*no-party* votes for Governor.

If other lines are needed for accommodating write-in candidates whose names do not appear on the ballot, the election officials can of course add them to the return just as they would do if there happen to be votes for more than one write-in candidate.

## SUMMARY

Under authority delegated by the Legislature, the Secretary of State has prescribed tally sheets and return forms for the 1952 general election which provide that votes cast for the gunernatorial candidate who is the nominee of both the Democratic Party and the Republican Party should be tallied to show separately how many Democratic votes he received and how many Republican votes he received. This procedure is valid and should be followed by election judges. However, the primary purpose of the election is to determine the total votes cast for each candidate, whether under Republican, Democratic, or write-in columns, and therefore all votes cast for a candidate in every column should be added together in determining the total number of votes which he received toward election.

Votes cast for a candidate who is the nominee of two different parties for a county office do not have to be tallied separately according to the party column in which the vote was cast, and all votes for him may be tallied together.

Where the same candidate is voted for under both the Democratic and Republican columns, the ballot should be counted as one vote for such candidate. However, the vote should not be accredited to either party if votes for that candidate are being tabulated according to party, but should be entered as a "no party" vote in a separate space on the tally sheet. The total of these votes should be added into the final total of votes the candidate received in the election.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

E. Jacobson
Executive Assistant

By Mary K. Wall
Mary K. Wall
Assistant

MKW:wb