## Shaffer's Appeal.

Argued April 10, 1936.    Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

322

*P. H. Maguire,* with him *Joseph P. Passafiume,* for appellant.

*E. A. Keizler,* for appellee, was not heard.

PER CURIAM, June 26, 1936:

Two councilmen were to be elected in the Borough of Homestead. The name of E. C. Shaffer was printed on the official ballot in one block as the Democratic candidate, and the name of E. C. Schaffer, as Citizens candidate in another block. There were two persons by the name of E. C. Shaffer in the borough. The return board consolidated 521 Democratic votes and seven nonpartisan votes for E. C. Shaffer and 32 Citizens ticket votes for E. C. Schaffer, giving him a total of 560 votes as against a total of 550 votes cast for Albert D. Rogers on the Republican and Square Deal tickets, and declared Shaffer elected. The court below revoked the certificate of election on the ground that unlawful cumulative voting was possible under these circumstances, and the voters were confused by the two names. This appeal followed.

No express right of appeal is given in contested election cases. We review the record on certiorari merely to ascertain if an error of law appears therein or whether the findings are supported by any evidence, but we do not substitute our conclusions for those of the trial court unless such errors appear: *Geary's App.*, 316 Pa. 342, 351; *Meiss's App.*, 317 Pa. 28, 29; *Fleming v. Prospect Park Board*, 318 Pa. 582.

This case is affirmed on the opinion of Judge ELDER W. MARSHALL for the court below, which will be found in the reporter's notes. To this we need only add that an examination of the record reveals that there is testimony to support the finding of considerable confusion among the voters as to the identity of the candidate listed, causing some of them to suppose two distinct persons were candidates, by reason of the fact that Shaffer's name appeared in two separate blocks, spelled differently. Following our rule we will not disturb this finding.

The bond was signed by two sureties, as required by the Act of April 28, 1899, P. L. 118. The petition for

contest was filed on December 5, 1935, and on December 6, 1935, the court accepted and approved petitioner's bond, though it was defective in that it did not contain the signatures of two sureties. Within 10 days, on motion of petitioners, two sureties signed the bond. It fully complied with the requirements of the act.

The order of the court below is affirmed at appellant's cost.