## Magazzu Election Case.

Argued October 4, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*John H. Bigelow,* with him *Conrad A. Falvello,* for appellant.

*James Lenahan Brown,* with him *James P. Costello, Jr.,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 8, 1946:

The question is whether under the Election Code of 1937 a candidate may *receive* a nomination by more than one political party. Stated more specifically: is a candidate who had filed nominating petitions as a member of one party ineligible to receive the nomination of another party for the same office by "write-in" or legal ballots or votes?

Pietro A. Magazzu was a candidate for the office of representative in the General Assembly upon the Re-

publican ticket. He was defeated for the nomination by another candidate. Milo B. Serfas was the only candidate on the Democratic ticket. When the votes were counted, Magazzu's name had been written or stamped upon the voting machine paper ballot in sufficient numbers to cause Magazzu to receive a substantial majority of the Democratic votes. The County Board of Elections refused to certify Magazzu as the nominee of the Democratic party, but named Serfas. The court below reversed. This appeal followed.

The provisions in the acts against filing nominating petitions of more than one political party for the same office is popularly known as "Anti-Party Raiding Legislation". The obvious purpose was to avoid the practice of one political faction dominating *both* political parties in the primaries. What the statutes forbid is for a candidate to *file* petitions of more than one political party for the same office and the *printing of the name* of a candidate of more than one political party. Nowhere in the act, or its amendments, is there a prohibition against a *voter* writing in or pasting in the name of a person for whom he desires to vote if such name is not printed on the ballot of the political party of which the voter is a member.

Section 1216, subdivision (e) of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, 25 P.S. 3056 (e) reads as follows: "A voter may, at any primary or election, vote for any person for any office, for which office his name does not appear upon the voting machine as a candidate, by an irregular ballot containing the name of such person deposited, written or affixed in or upon the appropriate receptacle or device provided in or on the machine for that purpose, and in no other manner. . . ."

These provisions were first enacted by section 8 of the Act of 1913, P. L. 719, as amended by the Act of 1935, P. L. 337, section 2. Cf. opinions of Judge WHITTEN in *Pustel's Petition,* 24 D. & C. 346, and Judge MacDADE

in *Chester Primary Election*, 32 Delaware County Reports 424.

That the enactment contemplated a possible nomination by more than one party by the use of "write-in" ballots seems most apparent. See section 1003 (d) (25 P.S. 2963) and section 1406 (25 P.S. 3156). So far as *paper ballots* are concerned the Act of June 3, 1937, P. L. 1333, art. X, section 1002 (25 P.S. 2962) provides as follows: ". . . There shall be left at the end of the list of candidates . . . as many blank spaces as there are persons to be voted for, for such office, in which space the elector may insert the name of any person whose name is not printed on the ballot as a candidate for such office. . . ."

With respect to "write-in" paper ballots where a *voting machine* is used, the provisions are as set forth in section 1216, supra.

Where paper ballots are employed, no names appear as candidates except where petitions have been filed. When the "write-in" occurs in *such* a written ballot that name does not otherwise appear upon the ballot. When, however, a machine is used the names of all candidates appear on the machine. A voter is first required to indicate his party, whereupon the machine is locked or adjusted in such manner so that the voter may only vote in that party column.

Appellant earnestly maintains that because the name of appellee "appear[ed] on the voting machines" that he was rendered ineligible from receiving any "write-in" votes. Appellant's able counsel conceded that this objection would not apply to a paper ballot. We can ascribe no intent to the legislature to differentiate in that respect between a paper and a machine ballot.

Appellant assigns for error three additional points. They were not argued in the court below and no action was taken by the court thereon. They do not require consideration here.

Judgment affirmed.