## Krull et al. v. City and County of Philadelphia et al.

*Thomas Raeburn White*, for plaintiff.

*Abraham L. Freedman*, city solicitor, and *Harvey Levin*, deputy to the city solicitor, for defendants.

KUN, P. J., March 4, 1955.—The bill in this case was filed by plaintiff taxpayers to enjoin the expenditure of public funds for the printing of ballots and

other election material for use at the primary election
to be held on May 18, 1955, and the general election
to be held on November 8, 1955, on the ground that
the so-called party-raiding provisions of the Election
Code of June 3, 1937, P. L. 1333, as amended by the
Act of July 5, 1947, P. L. 1358, are unconstitutional.
The challenged provisions of the code are sections
634, 910, 951, 976, 979, 980 and 1406, 25 PS §§2784,
2870, 2911, 2936, 2939, 2940 and 3156.

The underlying contention of plaintiffs is that the
legislation attacked constitutes an unreasonable re-
striction of the right of voters to nominate anyone
they choose for public office, whether on one or more
political parties. The acts limit nominations to one
political party. The constitutionality of this legisla-
tion was sustained in Wilson v. Philadelphia et al.,
319 Pa. 47. The rationale of the decision is found in
the statement of the court, at page 49, as follows:

"The constitution does not specify what rights are
guaranteed the people in respect to the exercise of the
franchise other than to provide that 'elections shall be
free and equal; and no power, civil or military, shall
at any time interfere to prevent the free exercise of
the right of suffrage.' The act in question does not
conflict in any manner with this clause. The voters
are deprived of no opportunity to elect a particular
individual to office, for even though the members of
one party are unable to vote for him at the primary
because the candidate has filed with another party,
they are still at liberty to cast their ballots for him
at the general election."

The constitutionality of the legislation was assumed
much later in the Magazzu Election Case, 355 Pa. 196,
in which the court said at page 197:

"The provisions in the acts against filing nominat-
ing petitions of more than one political party for the

same office is popularly known as 'Anti-Party Raiding Legislation.' The obvious purpose was to avoid the practice of one political faction dominating *both* political parties in the primaries."

Similar legislation has been sustained in many other jurisdictions unnecessary here to cite.

Plaintiffs contend that since that decision the Supreme Court of the United States, in United States v. Classic, 313 U. S. 299, has indicated that such legislation is unconstitutional. We do not so read the case. What was there decided was that the election laws of the State could not be so executed as to deprive Negroes of the right to participate in congressional primaries. There was nothing indicated in that case that a State could not make reasonable regulations for the conduct of primaries or elections as long as the ultimate exercise of the right of suffrage was not restricted or limited. Plaintiffs argue strongly that the legislation attacked prevents fusion of political parties, and further, that to deprive voters of the right to nominate a candidate upon any ticket which may attract votes, which the candidate would not receive on another ticket, is an interference with the freedom of nominations, and since nominations are a step in elections, it is an interference with the freedom of elections. However persuasive this contention may be considered, the question was specifically ruled to the contrary in the Wilson case, supra. We are bound by that decision and must follow it. Accordingly, the court enters the following

*Decree*

And now, March 4, 1955, plaintiffs' bill is dismissed. Plaintiffs to pay costs.