## Union Township Election

*Clyle Hendershot,* for petitioner.

*Merrill W. Kerlin,* for respondents.

SHEELY, P. J., January 3, 1962.—At the municipal election in Union Township, Fulton County, Pennsylvania, held on November 7, 1961, two persons were to be elected justice of the peace for that township, and in the block on the ballot entitled "Justice of the Peace" there was a direction to the voters to vote for two persons for that office. The names of four candidates were printed upon the ballot as follows, and they received the number of votes indicated:

M. Bruce Hendershot, Dem. ......56 Votes
Elmer Hill, Dem. ............. ..62 Votes
David Hann, Rep. ..............76 Votes
Bruce Hendershot, Rep. .........49 Votes

In addition, Howard Furman received 49 write-in votes. The county board of elections certified the election of Elmer Hill and David Hann.

Twenty-five electors have filed a petition to contest the election, contending that the votes for M. Bruce Hendershot, Dem. and those for Bruce Hendershot, Rep., who are admittedly one and the same person, should be cumulated and that he should be declared elected or, in the alternative, that the election for justice of the peace should be declared illegal and the offices declared vacant.

It is obvious that the name of Mr. Hendershot was written in, or that stickers were used, in either one or both of the party primaries, since the provisions of sections 910 and 1004 of the Pennsylvania Election Code of June 3, 1937, P. L. 1333 (25 PS §§2870 and 2964) prohibit any person from being a candidate for nomination by more than one party. (It has been suggested that the names of all candidates for justice of

the peace in Union Township were written in.) In any event, M. Bruce Hendershot was certified by the election board as the democrat nominee and Bruce Hendershot was certified as the republican nominee.

Under these circumstances section 1406 of the Pennsylvania Election Code (25 PS §3156) is applicable. It provides: "Any person who has been nominated at a primary election by more than one party for the same office under different names may, at any time not later than five (5) days after the certification by the county board of the votes cast at a primary election, present a petition to the court of common pleas of the proper county, praying for an order declaring such petitioner by his true name to be the person who was thus nominated by more than one party under different names . . ." The court is then authorized, if it shall determine that the different names so appearing on the returns of the primary represent one and the same person, to direct the county board to revise its return accordingly.

Compliance with the provisions of section 1406 of the Election Code is very important since section 1003(d) of the code (25 PS §2963) provides that "Whenever any candidate shall receive more than one nomination for the same office, his name shall be printed once, and the names of each political party so nominating him shall be printed opposite the name of such candidate . . ." The purpose of section 1406 is to establish the identity of the candidate who has been nominated under different names, and the purpose of section 1003(d) is to prevent one voter from voting twice for the same candidate.

Mr. Hendershot did not avail himself of this remedy provided by the Election Code, and he now seeks to have this court cumulate the votes cast for him under the two different party labels and to declare him elected to office. He has pointed to no authority to support his

request, and to grant it would be a direct violation of the further provisions of section 1406 of the Election Code which provides that: ". . . No candidate for public office at any November election whose name, for any reason, is printed more than once for the same office on any ballot at any general, municipal or special election, shall be entitled to have cumulated, either by the election officers, by the county board, or by any court, the votes cast after such different names."

The courts have always sought to give effect to the intention of the voter and have permitted the cumulation of votes cast for a person by different names wherever possible. Thus, in McCracken Appeal, 370 Pa. 562, (1952) a *write-in* vote for Joseph Kratochvil was permitted to be counted at a general election for Joseph Kratochvil, Jr., the court holding that the county election boards "are empowered by the Pennsylvania Election Code of 1937, . . . to cumulate ballot write-in votes for any candidate, ascertained, through appropriate proceedings, to be entitled to them." In Parente Appeal, 390 Pa. 249 (1957), it was held that the court of common pleas upon appeal from a decision of a county election board has power to cumulate votes for a candidate at a *primary election* in order to effectuate the will of the voters. But, in the present case, we are confronted with the express prohibition of the Election Code against the cumulation of votes cast for the same person where his name is *printed* twice on the ballot under different names at the *November election.*

Even prior to the Election Code of 1937 the rule established by section 1406 applied where each elector was entitled to vote for two candidates. In Shaffer's Appeal, 323 Pa. 320 (1936), it was held that votes cast for E. C. Shaffer at a general election could not be cumulated with votes cast for E. C. Schaffer under a different party label, since, in that case, each voter was entitled to vote for two candidates. This conclu-

sion was based in part upon the reasoning of Judge Swearingen in In re: Carothers's Election Contest, 25 Dist. R. 1151 (1915), wherein he held that one of the purposes of the provision of the election law requiring the name of any candidate receiving more than one nomination for the same office to be printed only once on the ballot was to prevent cumulative voting where each elector had the right to vote for more than one candidate, and that a failure of the candidate so nominated by more than one party to invoke the statutory remedy, similar to section 1406, to have his name corrected, barred him from complaining that the election officers counted the ballots in accordance with the law. In Contested Election in Butler County, 29 D. & C. 261 (1937), it was held that the votes cast for Albert B. McClester could not be cumulated with votes cast for Albert McClester under a different party label where two representatives to the General Assembly were to be elected. Cumulation of votes was permitted, however, where only one person was to be elected: Seim's Appeal, 316 Pa. 225 (1934).

Since the Pennsylvania Election Code of 1937, it was held in Rodrian's Appeal, 32 Berks 161 (1940), that the votes cast for Peter T. Rodrian could not be cumulated with votes cast for Peter Rodrian under a different party label where two school directors were to be elected. And in Urik Election, 80 D. & C. 200 (1952), where only one justice of the peace was to be elected, it was held that votes cast for Andrew Urik could not be cumulated with votes cast for Andrew R. Urik under a different party label. This case further upheld the constitutionality of section 1406 of the Pennsylvania Election Code, and we agree with its conclusions.

Under the Election Code and under the authorities, the court has no power to cumulate the votes cast for Bruce Hendershot and M. Bruce Hendershot and to declare him elected.

198

The further question is presented whether under the circumstances of this case the election for justice of the peace in Union Township should be declared illegal and the offices declared vacant. Under section 1772 of the Election Code (25 PS §3472), it is provided that: "Whenever in any contested nomination or election, the tribunal trying the case shall decide that the ballots or ballot labels used in one or more election districts, by reason of the omission, addition, misplacing, misspelling or misstatement of one or more titles of office, or names of candidates, or parties or bodies represented by them, were so defective as to the office in contest as to be calculated to mislead the voters in regard to any of the candidates nominated or seeking nomination for said office, and that the defective condition of the said ballots or ballot labels may have affected the result of the entire primary or election for said office, the said tribunal shall declare the primary or election to be invalid as regards the said office. . . ."

We have no doubt that the persons voting for M. Bruce Hendershot and for Bruce Hendershot intended to vote for one and the same person. The township is small and rural, and Bruce Hendershot is well known in the township. As contended by him, it is all together possible that had he been nominated by only one party the persons voting for him under the other party label would nevertheless have voted for him and he would have been elected. Therefore, he would have failed of election because of the division of the votes between the two names under the two party labels. There is no way, of course, to tell how many voters may have voted for him twice because of the appearance of his name on the ballot two times.

The case, however, does not come within the provisions of section 1772, which is intended to apply to errors or omissions on the part of the county election

board or of the printer. The situation here arose not by reason of any error or omission on the part of the board or of the printer, but because of the failure of the candidate to comply with the provisions of section 1406 of the Election Code. Having created the situation by his failure to procede as directed by that section, he cannot now ask to have the election declared invalid and to have it set aside. Furthermore, to set aside the election and declare the offices vacant would deprive at least one of the other candidates of the office to which he was duly elected and would result in two justices of the peace being appointed for the township by the governor.

And now, January 3, 1962, the petition to contest the election for justice of the peace in Union Township, Fulton County, Pennsylvania, is dismissed.