## Sherwood v. Elk County Board of Elections

*F. Cortez Bell* and *Paul J. Quattrone,* for plaintiff.

*B. R. Coppolo* and *Paul D. Greiner,* for defendants.

CAMPBELL, P. J., (Forty-ninth Judicial District, Specially Presiding), December 31, 1963.—Plaintiff

has filed a bill in equity requesting that an injunction issue restraining the Election Board of Elk County from certifying the election of Willard D. Reynolds as a councilman in the Second Ward of Ridgway Borough, and in the event said election had been certified, then requesting his election to be declared invalid. Because of the urgency for a prompt adjudication, all parties agreed upon a stipulation of facts and requested the court to decide the issues the same as though preliminary objections had been filed in the nature of a demurrer or a motion to dismiss the bill. All parties have been prompt in oral argument and in submission of briefs. A brief resume of the pertinent facts is as follows.

In the primary election, one Robert Benemelis received the Republican nomination as a councilman in the Second Ward of Ridgway Borough. By write-in votes he also received the Democratic nomination. Within the proper time allowed by the Pennsylvania Election Code of June 3, 1937, P. L. 1333, he resigned and withdrew as both the Republican and Democratic nominee. Thereafter, on September 3, 1963, which was within the time specified by the Pennsylvania Election Code, Willard D. Reynolds was substituted as the nominee by the duly constituted authorities of the Republican Party as a candidate for councilman. Likewise, on September 10, 1963, the duly constituted authorities of the Democratic Party timely filed a substituted nomination of Willard D. Reynolds as the Democratic nominee for the same office. Willard D. Reynolds' name therefore appeared on the official ballot one time as a candidate for Borough Council for the Second Ward for both the Republican and Democratic Parties. It is agreed that September 3, 1963, was the last day for a nominee to withdraw and September 11, 1963, the last day in which substituted nominations could be made, and that the election ballots were printed

on or before October 7, 1963. At the general election, Willard D. Reynolds received 240 votes as the Republican nominee, 72 split-ticket votes and 20 on the straight Democratic ticket, or a total of 322 votes. George W. Sherwood, plaintiff herein, conducted a sticker campaign and received a total of 289 write-in votes. It is conceded that it was improper for the Democratic Party to fill the vacancy by the substituted nomination of Willard D. Reynolds by reason of the prohibition in section 979 of the Pennsylvania Election Code, 25 PS §2939, which provides, inter alia, as follows:

"That no substitute nomination certificate shall nominate any person who has already been nominated by any political party or by any other political body for same office."

At the time that the Democratic Party filed the substituted nomination on September 10, 1963, Willard D. Reynolds had already been nominated by the Republican Party as its candidate on September 3, 1963. Plaintiff filed no objections to any of the substituted nomination certificates, and first raised the question before the Elk County Board of Elections on November 8, 1963, which was three days after the election. The Elk County Board of Election declared Willard D. Reynolds elected as councilman, disallowing plaintiff's objections and holding that jurisdiction was exclusive in the court of common pleas to determine the objections raised. Following this, on December 4, 1963, plaintiff filed the instant bill in equity.

"The terms 'political party' and 'political body' are not interchangeable": Brown v. Finnegan, 8 D. & C. 2d 780. The instant case involves nominations by *political parties* and not by a *political body*.

It is perfectly proper for a candidate who has filed nomination petitions as a member of one party to be eligible and to receive the nomination of another party

for the same office by write-in votes: Magazzu Election Case, 355 Pa. 196.

One Robert Benemelis was legally nominated by both political parties. He withdrew and resigned because of the necessity of his moving from the Borough of Ridgway. A vacancy, therefore, existed with respect to the party nominations of both the Republican and Democratic Party for the office of councilman in the Second Ward of Ridgway Borough. Thereafter, on September 3, 1963, the Republican Party timely filed a substituted nomination of Willard D. Reynolds. When the Democratic Party acted by filing a substituted nomination of Willard D. Reynolds on September 10, 1963, it was improper for the reason that Willard D. Reynolds was, at the moment, already the nominee of another political party. Section 979 of the Act of June 3, 1937, P. L. 1333, art. IX, 25 PS §2939, is applicable.

Notwithstanding this error, plaintiff cannot prevail. He raised no objections to Willard D. Reynolds' being nominated as the Democratic nominee until three days after the election was held. Section 982 of the Pennsylvania Election Code, 25 PS §2942, provides as follows:

"All substituted nomination certificates may be objected to, as provided in section 977 of this act, except objections to substituted nomination certificates must, in any case, be filed within three (3) days after the filing of the substituted nomination certificate: Provided, however, That no objections as to form and conformity to law, shall be received after the day on which the printing of ballots is started."

Section 977 of the Pennsylvania Election Code, 25 PS §2937, states that all nomination petitions and papers received and filed within the periods limited by this act shall be deemed to be valid, unless, within seven days after the last day for filing said nomination petition or paper, a petition is presented to the court of

common pleas setting forth the objections thereto. The Pennsylvania Election Code sets forth in detail specific time limitations and the specific procedure which must be followed in order to validly object to any nomination certificates.

Where the legislature has prescribed time limits and procedural steps for the determination of objections to nominating petitions, courts are without power to set them aside: American Labor Party Case, 352 Pa. 576.

Equity will not grant relief where on the case stated there was an adequate and complete statutory remedy which plaintiff ignored until it was too late to assert it: Kane v. Morrison, 352 Pa. 611.

In the determination of this case, we especially rely on the decision of our Supreme Court in Turtzo v. Boyer, 370 Pa. 526, wherein it was held that even where fraud was alleged, the time limit to attack nominating petitions is mandatory and cannot be waived, and where no steps are taken to challenge nomination petitions within the permissible statutory period, the nomination papers are to be deemed valid. To similar effect in analogous situations are the following cases: Pottsville Referendum Case, 363 Pa. 460; Soulchin Liquor License Case, 163 Pa. Superior Ct. 372.

We can only say that complete chaos would result in municipal government if courts permitted elections to be upset or declared invalid by reason of some defect in the election procedure for which a timely remedy is expressly provided. One should not be allowed to overlook the statutory remedies provided, await the outcome of the election, and if unsuccessful then claim that the election was invalid.

We would also comment that no fraud was alleged nor does the same appear, nor can we detect that plaintiff suffered any real disadvantage resulting from any confusion of the voters. The statute involved was to

prevent "party raiding" which does not appear to have been done intentionally nor with any fraudulent intent in this case.

And now, to wit, December 31, 1963, we, therefore, dismiss plaintiff's bill in equity and affirm the action of the Elk County Election Board and declare Willard D. Reynolds duly elected to the office of Borough Councilman in the Second Ward of Ridgway Borough.

And now, to wit, December 31, 1963, an exception is noted and bill sealed for plaintiff.