### Leitzell Appeal

*Charles C. Brown, Jr.*, and *Love & Wilkinson*, for appellant.

*Donald E. Lee* and *Miller, Kistler & Lee*, for appellee.

CAMPBELL, P. J., December 31, 1963.—This is an appeal from the decision of the Centre County Board of Elections certifying the election of Richard E. Smead as a borough councilman in the South Ward of Bellefonte Borough. The interested parties filed a stipulation of facts with the court. There are, therefore, no disputed questions of fact to be resolved. A brief summary thereof is as follows:

At the primary election in 1963, there were to be nominated candidates for two vacancies in the office of borough councilman in the South Ward of Bellefonte Borough. The names of Jerome R. Leitzell and Richard E. Smead appeared on the ballot as candidates for the Republican nominations and both were duly nominated. No names appeared on the ballot as candidates for the Democratic nomination for said offices. However, Richard Smead received four write-in votes and was subsequently declared a Democratic nominee. The county board of elections, apparently knowing that Richard E. Smead and Richard Smead were one and the same person, corrected the name and caused the name of Richard E. Smead to be printed on the ballot at the municipal election as the Democratic nominee.

Another Democratic nominee determined by write-ins subsequently withdrew. Following is the manner in which the candidates were listed on the official ballot for the general election as prepared by the Centre County Board of Elections:

## COUNCILMAN
### (Vote for Two for 4 Years)

| | | |
|---|---|---|
| Jerome R. Leitzell | Republican | ( ) |
| Richard E. Smead | Republican | ( ) |
| Richard E. Smead | Democrat | ( ) |
| ——————————— | Democrat | ( ) |

A sticker campaign was conducted by one Charles McBride, who received a total of 490 votes and was declared elected to one of the vacant councilmanic seats. The votes cast for the two parties involved in this appeal were as follows: Jerome R. Leitzell, Rep., 381 votes; Richard E. Smead, Rep., 327 votes; Richard E. Smead, Dem., 151 votes.

The Centre County Board of Elections cumulated the Democratic and Republican votes for Richard E. Smead and declared him elected with a total of 478 votes to the remaining councilmanic seat. Richard E. Smead and Richard Smead are one and the same person and is the only Richard E. Smead eligible to become a councilman living in the south ward. At the request and by virtue of the complete good faith and cooperation of counsel for both parties, the court ordered the ballot box of the south ward to be opened by the Centre County Board of Elections and the ballots cast in the south ward were examined and recounted. There were 11 ballots in which the voter voted for Richard E. Smead as a Republican and also as a Democrat. Eliminating these votes from the computation and after eliminating ballots which were believed to be irregular, the tabulation of votes was as follows: Jerome R.

Leitzell, Rep., 329 votes; Richard E. Smead, Rep., 265 votes; Richard E. Smead, Dem., 148 votes.

The sole question involved in this appeal is whether or not the county board of elections properly combined the Democratic votes of Richard E. Smead in order to declare him elected. If it is improper to cumulate the votes for Richard E. Smead, then Jerome R. Leitzell is the duly elected councilman.

It is perfectly proper for a candidate who has filed nominating petitions as a member of one party to be eligible and to receive the nomination of another party for the same office by "write-in" votes: Magazzu Election Case, 355 Pa. 196.

Courts have always sought to give effect to the intention of the voter and have permitted the cumulation of votes under varying circumstances. Thus, in McCracken Appeal, 370 Pa. 562, a *write-in* vote for Joseph Kratochvil was permitted to be counted at a general election for Joseph Kratochvil, Jr., the court holding that the county election boards "are empowered by the Pennsylvania Election Code of 1937, . . . to cumulate ballot write-in votes for any candidate, ascertained, through appropriate proceedings, to be entitled to them." Cumulation of *write-in* votes under different names was permitted at a primary election in order to effectuate the will of the voters: Parente Appeal, 390 Pa. 249.

Our Supreme Court has allowed cumulation of votes at a general election where the name of a candidate printed differently appeared more than once on the ballot where only one office was to be filled: Seim's Appeal, 316 Pa. 225. It is respectfully submitted, however, that had this case been governed by the Pennsylvania Election Code of June 3, 1937, P. L. 1333, and the provisions of section 1406 thereof, 25 PS § 3156, pressed and considered, the court might have reached a different conclusion.

The law appears to be quite clear that where a candidate has received more than one nomination for the same office under different names and where his name appears on the printed ballot at the general election more than once, spelled or printed differently, the votes cast for him after such different names cannot be cumulated: Shaffer's Appeal, 323 Pa. 320; Union Township Election, 27 D. & C. 2d 193; Urik Election, 80 D. & C. 200; Upper Chichester Township Election, 62 D. & C. 688; In re Contested Election in Butler County, 29 D. & C. 261; In re Carothers' Election Contest, 25 Dist. R. 1151; Rodrian's Appeal, 32 Berks 161. The rationale and reason for the results obtained in these cases is simple. The statutory law in this situation forbids cumulation and unless the nominee complies with section 1406 of the Act of June 3, 1937, P. L. 1333, his votes under different names cannot be cumulated. The statute specifically provides as follows:

". . . No candidate for public office at any November election whose name, for any reason, is printed more than once for the same office on any ballot at any general, municipal or special election, shall be entitled to have cumulated, either by the election officers, by the county board, or by any court, the votes cast after *such different names.*" (Italics supplied.)

Some courts have rationalized their decision that, where two or more offices are to be filled, cumulation of votes should be prohibited in order to be certain that no candidate received more than one vote per ballot.

In the case before us, the name of Richard E. Smead appears on the ballot as both the Republican and Democratic nominee. The name, although appearing twice, is identical. For this reason, we can come to no other conclusion than that section 1406 of the Pennsylvania Election Code is not applicable. The purpose of this section is to establish the identity of the nominee.

Rightly or wrongly, the county election board made this determination. Identity is an admitted fact in this case. There is no evidence that any confusion existed in the minds of the voters in the single election precinct involved.

There is no doubt that the county board of elections in the printing of the November ballots specifically violated section 1003 (d) of the Pennsylvania Election Code, 25 PS § 2963. This section reads as follows:

"Whenever any candidate shall receive more than one nomination for the same office, his name shall be printed once, and the names of each political party so nominating him shall be printed opposite the name of such candidate, arranged in the same order as candidates names are required to be arranged. At the right of every party name or appellation shall be a square of sufficient size for the convenient insertion of a cross mark."

We conceive that the real purpose of this provision is to prevent cumulative voting where each elector has the right to vote for more than one candidate. As was stated in In re Carothers' Election Contest, 25 Dist. R. 1151, "It is a wise regulation, intended to frustrate fraud, and it ought to be strictly enforced".

With this statement we would agree, and the provisions should be enforced insofar as the county board of elections is concerned, but we are hesitant to penalize a candidate who has obviously received the highest number of votes, by refusing to certify his election and thwart the intentions of a majority of the voters in the district involved. If the purpose of this section of the election law is to prevent cumulative voting and to frustrate fraud, the answer in this case is that no fraud existed and that Richard E. Smead was not elected as a result of cumulative voting. This is a known and an established fact, for the reason that the ballot box was opened in the presence of the parties

and their attorneys. Under these circumstances, if the facts do not exist which the statute was intended to prevent, we can find no justifiable reason for refusing to allow cumulation of votes in this specific instance. If the ballot box had not been opened and the recount made, or if this situation arose where it would have been impractical to do so, we are inclined to feel that a different result would obtain.

We conclude this opinion by making the following observations: (1) That the county board of elections in the future should adhere strictly to the provisions of section 1003(d) of the Pennsylvania Election Code by printing a candidate's name only once on the ballot where he has received more than one nomination for the same office; (2) that any candidate who has received more than one nomination under different names should promptly comply with section 1406 of the Pennsylvania Election Code to establish the identity of said different names; (3) that this opinion should be construed only in light of the specific facts herein involved and that as a general principle where it does not appear as a certainty that the candidate received only one vote per each ballot, that a different result might obtain; and (4) it should appear that the court has equal regard for the ability and integrity of both parties to this action and they should be complimented in raising this issue so that this troublesome matter may be eliminated in future elections.

In conformity with this opinion, we enter the following order:

And now, to wit, December 31, 1963, the action of the county board of elections in certifying Richard E. Smead's election is affirmed and appellant's appeal is dismissed, costs to be paid by the County of Centre.

And now, to wit, December 31, 1963, an exception is noted for appellant and bill sealed.