## Election of Peeke

*Lawrence Center,* for contestants.
*Jeffrey A. Parks* and *Lawrence B. Fox,* for candidate.

WILLIAMS, *J.,* November 26, 1975.—The matter before the court is the petition of 24 electors of Lower Saucon Township complaining that, as a result of certain vote tabulations made by the chief county registrar, the Northampton County Board of Elections is about to err in computing the votes cast for the office of Councilman of Lower Saucon Township at the November 4, 1975, general election.

The names of five candidates were listed on the voting machine ballots for the office of councilman. Three persons were to be elected and the ballot labels directed the voters to vote for three persons for the office. The names of the five candidates and the number of votes received by each are as follows:

### Democratic Ballot

| | |
|---|---|
| Lois A. August | 992  votes |
| Stephen J. Loncaric | 948  votes |
| Jacqueline S. Peeke | 815  votes |

### Republican Ballot

| | |
|---|---|
| Anthony F. Mantione | 914  votes |
| Jacqueline S. Peeke | 467  votes |

The chief county registrar has cumulated the Democratic and Republican votes of Jacqueline S. Peeke, making her total vote 1,282. It appears then that the county board of elections will certify Jacqueline S. Peeke, Lois A. August and Stephen J. Loncaric as having been elected to the Lower Saucon Township Council.

Petitioners contend that the name of Jacqueline S. Peeke should not have appeared on the Republican ballot because of procedural defects in her petition and that even if candidate Peeke's name appeared lawfully on the Republican ballot, her Democratic and Republican votes should not be cumulated because her name should have appeared on the Republican ballot as Jacqueline Peeke. Petitioners contend that since Jacqueline S. Peeke's total vote is only 815, as compared to Anthony F. Mantione's 914, Mantione should be certified as having been elected a Councilman of Lower Saucon Township.

At the primary election held on May 20, 1975, three persons were to be nominated by each party for the office of Councilman. The four candidates on the Democratic ticket were Lois A. August, Stephen J. Loncaric, Jacqueline S. Peeke and Anthony F. Mantione. There were no candidates on

the Republican ticket. The three Democratic nominations were won by August, Loncaric and Peeke. No one received a Republican nomination, but there were, among others, the following Republican write-in votes:

| | |
|---|---|
| Anthony F. Mantione | 9 votes |
| Anthony Mantione | 1 vote |
| Jacqueline S. Peeke | 9 votes |
| Jackie Peeke | 1 vote |

Under section 1216 of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, art. XII, as amended, 25 PS §3056, it is lawful for a voter in a primary election to write in on one party's ticket the name of a candidate already listed on the ballot of another party: Magazzu Election Case, 355 Pa. 196, 49 A.2d 411 (1946). Ten write-in votes were necessary in order to be nominated for the office of councilman. See sections 1405 and 912, 25 PS §§3155, 2872(f).

On June 6, 1975, Anthony F. Mantione filed a petition to cumulate the votes of Anthony F. Mantione and Anthony Mantione on the Republican ticket so that he would have the necessary ten votes for nomination. A hearing was held and an order of Court was entered on June 25, 1975, directing that his votes be cumulated and his name be placed on the Republican ballot at the general election. On June 9, 1975, Jacqueline Peeke file a similar petition and an order of Court was entered on the same day directing that the votes of "Jacqueline Peeke" and "Jackie Peeke" be cumulated and her name placed on the Republican ballot.

Petitioners contend that the above petitions to cumulate the write-in votes of these candidates

were presented pursuant to section 1406 of the code, 25 PS §3156, and were, therefore, subject to the procedural requirements of that section, namely notice to the other candidates and a hearing. Mantione observed this procedure while Peeke did not. Because of Peeke's failure to follow the requirements of section 1406, petitioners contend that she should not have received a Republican nomination. We disagree. It is clear that section 1406 only applies when a person has been nominated at a primary election by more than one party for the same office under different names. That was not Mantione's situation, since he had not been nominated on the Democratic ticket. He was merely informing the court that he had received the necessary ten votes for nomination and requesting the court to direct that his name be listed on the Republican ticket. In Peeke's case, her petition alleged that she was not a successful Democratic candidate, and advised the court that she was entitled to a Republican nomination. Neither of these candidates were, or represented to the court that they were, nominees of two parties under different names. Mrs. Peeke testified that the close vote among the Democratic candidates led her to believe that she had not won a nomination. The petitions both candidates actually presented are not governed by any specific provision of the Election Code and are not subject to any specific procedural requirements. That such petitions can be presented to and acted upon by the court is clear: Parente Appeal, 390 Pa. 249, 135 A.2d 62 (1957). Under sections 1405, 301 and 302 of the code, 25 PS §§3155, 2641 and 2642, the judges of the Court of Common Pleas constitute the county board of elections where the county commissioners are candi-

dates, as they were in 1975, with the duty to compute and certify irregular ballots, and notice and hearing in such cases would be within the court's discretion.

We note in passing that if these petitions to cumulate the write-in votes of these candidates were unlawful, neither Mantione nor Peeke should have been on the Republican ballot. The successful candidates would then be the three Democrats, including Mrs. Peeke. Petitioners would not be entitled to have Mantione declared the winner.

Petitioners' second contention deals with the form of Mrs. Peeke's name which appeared on the Republican ticket. Although her name appeared as Jacqueline S. Peeke on both the Democratic and Republican tickets, petitioners contend that it should have appeared as Jacqueline Peeke on the Republican ticket as stated in her petition. If her name had appeared differently on the two tickets, under section 1406, 25 PS §3156, her votes could not have been cumulated, and since Mantione's vote total was greater than either of Peeke's individual party vote totals, he should have been declared the winner instead of her.

Petitioners contend that since Mrs. Peeke's petition to cumulate her Republican write-in votes was prepared and signed in the name of Jacqueline Peeke, and since the order of court also referred to her as Jacqueline Peeke, her name should have appeared on the Republican ticket in that form. Petitioners contend that the chief county registrar acted without authority in inserting Mrs. Peeke's middle initial when he prepared the ballot labels and cite Contest of Election of Robert E. Martin, 37 Northamp. 140 (1964), in support of their contention.

We note that the Martin case is different in many important respects from the case before us. There, Robert E. Martin was nominated on the Democratic ticket and a Robert Martin received 11 Republican write-in votes. Robert E. Martin took no action to confirm that he was the person who received the Republican write-ins or to ask that his middle initial be added on the Republican ticket. The chief county registrar, however, took it upon himself to add the initial even though there was another Robert Martin among the list of registered voters in the county. The court held that the act of the registrar was without authority and that the name on the Republican ticket should have been Robert Martin without the initial. The court held that the votes of Martin the Democrat and Martin the Republican could not be cumulated and, as a result, Robert E. Martin lost the election.

In the case before us, in the primary there were nine Republican write-ins for Jacqueline S. Peeke and one for Jackie Peeke. There was a Democratic candidate listed as Jacqueline S. Peeke. Mrs. Peeke filed a petition under the name of Jacqueline Peeke stating that she was the person who was entitled to the Republican write-ins and represented that she was also the same person as the Democratic candidate. There was no such statement from Robert E. Martin in the Martin case. The specific relief Mrs. Peeke asked for was to have her Republican write-ins cumulated and her name placed on the Republican ticket. This was not a petition where she was attempting to assert what her true name was or how she wanted it to appear, such as a petition under section 1406, 25 PS §3156. For that reason, the omission of the middle initial on her petition should be construed as a mere error rather than a binding representation.

Mrs. Peeke's petition stated that she was the same person as the Democratic candidate. The chief county registrar is compelled by section 1110(f) of the code, 25 PS §3010(f), when the same person is nominated for one office by more than one party, to list his name in the same vertical column on each party ticket on the voting machines. Observing that the Democratic candidate was named Jacqueline S. Peeke and that a petition had been presented to the court declaring that the Democratic and Republican Peeks were the same person and that nine of her ten Republican write-in votes were with the middle initial, the registrar was required by law to place Mrs. Peeke's name in the same column on both tickets. With her name placed in this way, she could not receive two votes from one voter and any fraud of that type would be avoided. Since he saw the middle initial used in the name of the Democratic candidate who appeared to be the same person as the Republican candidate, and since the petition did not attach any special significance to the name Jacqueline Peeke or declare that the form of the name used on the Democratic ticket was incorrect, the chief county registrar, in order to avoid confusing the voters, acted properly, albeit without specific authority, in placing the name Jacqueline S. Peeke on the Republican ticket.

In addition, there was no evidence that anyone else named Jacqueline Peeke was a registered voter in Lower Saucon Township or that any voters were confused about Mrs. Peeke's identity. The mere use of an incomplete form of Mrs. Peeke's name in her petition does not result in her being nominated by different parties for the same office under different names. For that reason, the provision of section 1406, which forbids cumulation of

votes, is not applicable and the Martin decision does not control. Mrs. Peeke is entitled to have her Democratic and Republican votes cumulated.

We, therefore, find that Mrs. Peeke was legally nominated on the Republican ballot and is entitled to have her Republican and Democratic votes cumulated. The petition before us must be denied and dismissed.

## ORDER

And now, November 26, 1975, in accordance with the foregoing opinion, the petition contesting the election of Jacqueline S. Peeke to the office of Lower Saucon Township Councilman is denied and dismissed. Costs of this proceeding, including the bond of petitioners, shall be paid by the County of Northampton.