DISSENTING OPINION BY JUDGE COSGROVE While I respect the well-crafted and well-reasoned Majority opinion, the decision in Appeal of Magazzu, 355 Pa. 196, 49 A.2d 411 (1946) compels my dissent. In that case, the Supreme Court permitted a candidate, who had filed nominating petitions as a member of one party, to receive the nomination of another party for the same office. Thus, while our Election Code[1] (except in local judicial and school director races) prohibits “fusion” candidacies (i.e., “the nomination by more than one political party of the same candidate for the same office in the same general election,” Timmons v. Twin Cities Area New Party, 520 U.S. 351, 353 n.1, 117 S.Ct. 1364, 137 L.Ed.2d 589 (1997), and while such prohibitions are constitutional, Tim-mons, the holding in Magazzu makes an exception for candidates who are nominated by the opposing party through the write-in process. As a result, and pursuant to what Working Families Party calls the “Magazzu loophole,” Majority op. at 1253, a major party may, through the write-in process, nominate a candidate who has also filed petitions seeking the nomination of the other major party. This avenue is not, however, available to minor parties or political bodies since they do not nominate their candidates in the primary but must do so through a labor intensive gathering of signatures.[2] Under the provisions challenged in this case, these non-major parties are prohibited from nominating someone who has filed nominating petitions for one of the major parties. It is that simple and, as such, is constitutionally infirm. By way of example, assume Candidate X files petitions seeking the nomination of the Democratic Party in the primary, and prevails. Candidate X also receives more votes (through write in) than all the candidates who filed nominating petitions on the Republican side. Candidate X is now the candidate of both the Democratic and Republican parties in the General Election. But he or she is not, and cannot be, placed on the ballot as the candidate of a minor party or a political body. He or she may be the unanimous choice of such a minor party or political body; he or she may have garnered the requisite number of signatures required of such organizations to secure a spot on the ballot in their name; but the provisions in question in this case prohibit this candidate from receiving this nomination. The Majority suggests that Magazzu does not inhibit the minor parties/political bodies since they can likewise mount write-in campaigns during the primary and thus seek a major party’s nomination for the candidate of their choice. What the Majority seems to miss, however, is that unlike the major parties, the minor parties/political bodies cannot employ the nominating process to which they are relegated (i.e., collection of the high number of signatures necessary to place their candidate on the general election ballot) for a candidate who had also submitted nominating petitions for one of the major parties during the primary.[3] This distinction is so directly contrary to the concept of equal protection that it cannot survive scrutiny on any level under the Fourteenth Amendment. U.S. Const, amend. 14. The decision of the United States Court of Appeals for the Third Circuit in Reform Party v. Allegheny County Department of Elections, 174 F.3d 305 (3rd Cir. 1999) offers a framework for application of equal protection principles here. That case involved a question whether a statutory “ban o.n minor party ‘cross-nominations’ in certain local offices” was constitutional, since major parties were allowed to cross-nominate candidates in these particular local races. Reform Party, 174 F.3d at 308. As these provisions had already been declared unconstitutional by the Third Circuit in Patriot Party of Allegheny County v. Allegheny County Department of Elections, 95 F.3d 253 (3rd Cir. 1996), the Reform Party court revisited the question in the aftermath of Timmons, and reaffirmed its earlier ruling that “Pennsylvania’s decision to ban cross-nomination by minor parties and to allow cross-nomination by major parties constitutes the type of ‘invidious discrimination’ prohibited by the Fourteenth Amendment.” Reform Party, 174 F.3d at 310. The Majority distinguishes Reform Party since it addressed a matter of facial discrimination, where the provisions at issue here, according to the Majority, are not facially discriminatory. This distinction, however, does not excuse the Election Code’s constitutional impairment vis-a-vis minor political parties and political bodies since it was the disparate treatment of these organizations as compared to major parties which Reform Party condemned. Further, stapled to the “Magazzu loophole,” the provisions in question here are thus, indeed, “facially discriminatory,” Reform Party, with no countervailing state interest to sustain them. Contrary to the Majority’s view, the reasoning of Reform Party is equally as applicable here as it was in that case. If Magazzu is as limited as the Majority suggests,[4] then it creates a distinctly exclusive political club with only the two major parties as members. So-called minor parties, such as Working Families Party, are not invited to this club and are unable to enjoy these particular fruits of membership. This cannot withstand constitutional muster even under the most relaxed standard. Perhaps the • Supreme Court got it wrong when it created the “Magazzu loophole.” If so, that Court will have to correct it by overruling this nearly seventy-year-old decision. Since that is something we cannot do, we must apply Magazzu’s rationale evenly and equally. I do not believe the Majority opinion fulfills this responsibility, and therefore, I must dissent. . Act of June 3, 1937, P.L. 1333, as amended, 25 P.S. §§ 2600-3591. . While the number of signatures required for placement on the ballot is fluid (depending on the results in the previous election), and can be extraordinarily high pursuant to Section 951(b) of the Election Code, 25 P.S. § 2911(b), the Secretary of the Commonwealth "is not enforcing” the mechanism which determines this number "[a]s a result of a federal district court order” filed in Constitution Party of Pennsylvania v. Cortés, 824 F.3d 386 (3rd Circuit 2016), but instead is requiring a static and diminished number of signatures. See Pennsylvania Department of State Political Body Nomination Paper General Instructions Sheet, available at http:// www.dos.pa.gov/VotingElections/Candidates Committees/RunningforOffice/Documents/ 2017% 20PB% 20Nomination% 20Paper% 20Instructions% 20(KMK% 20edits)% 20with%20chart.pdf (last viewed August 17, 2017). . The Majority correctly notes that a political body/minor party candidate “who has hied the requisite nomination papers prior to the primary election can also win the write-in vote for a major party in the primary, and thus, appear on the general election ballot on behalf of a major party.” Majority op. at 1255 (emphasis added). What the political body/minor party cannot do, however, is submit nomination papers for a candidate who has also submitted a nomination petition for inclusion on the primary ballot of one of the major parties. A major party may, however, nominate by write in someone who has submitted a nomination petition for the other party's primary. . The Majority notes that in In re Street, 499 Pa. 26, 451 A.2d 427 (1982) “our Supreme Court rejected an equal protection challenge to the anti-fusion provisions of the Election Code, and it did so more than 30 years after its holding in Magazzu." Majority op. at 1259. While this is so, the Street Court also reaffirmed Magazzu in a footnoted reference: “Aside from the three offices for which cross-filing of nominations is permitted (judge of a court of record, elected school director and justice of the peace), cross-filing is permitted in the general election only when, in addition to obtaining the nomination of a political party or political body through the filing of nomination petitions or nomination papers, a candidate receives a write-in nomination in another party’s primary. See Magazzu Election Case, 355 Pa. 196, 49 A.2d 411 (1946).” In re Street, 451 A.2d at 430, n.7.